LUCY BALCH *vs.* EDWIN W. CHAFFEE ET AL.

First Judicial District, Hartford, October Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A duly recorded mortgage made in part to secure future advances, but which discloses no agreement to make them nor indicates the amount to which they may be made, is too indefinite to be effectual therefor, as against a subsequent *bona fide* incumbrancer without actual notice.

An artesian well bored or dug as an adjunct to a house, though not physically connected with it, and which is essential to its convenient use and occupation, is an "appurtenance" to the building, for which a mechanic's lien may be filed under General Statutes, § 3018.

Argued October 4th—decided November 1st, 1900.

ACTION to foreclose two mortgages on one piece of land, brought to the Court of Common Pleas in Hartford County and tried to the court, *Case, J.;* facts found and judgment rendered for the plaintiff establishing the validity and precedence of his first mortgage, but giving to a mechanic's lien claimed by the defendant King precedence over the plaintiff's second mortgage, and appeal by the plaintiff for alleged errors in the rulings of the court. *No error.*

These facts appeared from the finding: The condition of the first mortgage recited a note of the grantor in favor of

the grantee for $150, adding: "And whereas I may become further indebted to the said grantee as evidenced by other promissory notes hereafter given, now, therefore, if said note or notes shall be well and truly paid according to its or their tenor, then this deed shall be void." When the deed was given the grantee orally promised to lend the mortgagor, later, $150 more. A few weeks later she lent him on different days $450, believing such loans to be secured by the mortgage. Within a year she lent him $200 more, and thereupon took his note for all the sums thus lent after the first mortgage, and a new mortgage to secure it.

A month before this last loan, and several months after the loans amounting to $450, King furnished materials and rendered services, under a contract with the mortgagor, in the construction of an artesian well on the mortgaged premises. It was sunk close to the back door of the house, for the exclusive use of its occupants for domestic purposes, and was the only source of water supply on the premises or within a quarter of a mile of them. It was not physically connected with the house. The proper steps were taken by King to obtain a mechanic's lien for his materials and services. The premises were worth less than the amount of the second mortgage. The mortgagee did not know of King's employment until the well had been constructed, and he had no knowledge of any transaction between her and the mortgagor other than as appeared by the first mortgage.

*James E. Cooper*, with whom was *John H. Kirkham*, for the appellant (plaintiff).

*Sidney E. Clarke*, for the appellee (defendant).

BALDWIN, J. The Court of Common Pleas correctly held that as against the defendant King the second mortgage was ineffectual and the first secured nothing but the money which had been lent before its execution. As against subsequent incumbrancers, who may take title without other notice than that given by the land records, future advances cannot

be secured by a mortgage deed which does not show any agreement to make them nor name the amount to which they may be made. No duty of inquiry, in such case, rests upon one who afterwards, in good faith, and in ignorance that such advances have been in fact made, gives credit to the mortgagor in reliance on his title to the equity of redemption, and obtains a lien upon it for his security. *Pettibone* v. *Griswold*, 4 Conn. 158; *Shepard* v. *Shepard*, 6 id. 37.

Under General Statutes, § 3018, every building for the construction of any of the appurtenances of which any person shall have a claim exceeding $25 in amount for materials furnished or services rendered, may, with the land on which it stands and its appurtenances, be subjected to a lien, provided certain conditions are fulfilled on the part of the claimant. The defendant King, who claims such a lien on the premises mortgaged to the plaintiff, has complied with these conditions, and is entitled to preference over the second mortgage, if such an artesian well as he constructed is to be considered as an appurtenance to the house of the mortgagor, within the meaning of the law.

The design of the statute was to give to one who, by furnishing services or materials, under a contract with the owner of land, had added to its value by constructing a building upon it, or any appurtenances to a building, a substantial security for his proper remuneration. The lien which may be created is therefore made to embrace "such land, building and appurtenances." To carry out this intent, it is necessary to give the statute such a construction, if its terms are doubtful, as may serve to make mechanics' liens of some value. *Lindsay* v. *Gunning*, 59 Conn. 296, 319.

The reference in the statute to the appurtenances of a building was plainly meant to cover what might not otherwise have been deemed to belong to it. It is an apt term to describe detached structures, built as adjuncts to a building, to further its convenient use and occupation. *Wilcox* v. *Woodruff*, 61 Conn. 578, 585. Such was the well in question. The house would hardly have been habitable without it. That it was dug or bored in the soil below the natural

surface of the house lot, does not render it any less a work of construction than a tank would be, built above ground and supplied by a force pump. Nor is it material that it was placed in the back yard rather than in the cellar; nor that it was not connected with a kitchen pump. It is also of no consequence that it was built after the house and under a separate and distinct contract. *Fitch* v. *Baker*, 23 Conn. 563, 567. The important inquiries are whether the house could be conveniently used without it, and whether it could be conveniently used except by those occupying the house. As to the latter point there can be no question that its main value lay in what it was worth to the tenants of that particular building.

There is no error.

In this opinion the other judges concurred.