JOHN KELLY vs. ARNON A. ALLING ET AL.

Third Judicial District, Bridgeport, April Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

A building contract provided that payments should be made to the
    contractor weekly "as the work progresses," and in full when the
    house was completed. *Held* that the parties to the contract had
    properly and correctly construed this provision as requiring the
    owner to pay to the contractor each week the expenses incurred for
    labor and materials performed and furnished during that week,
    not exceeding in the aggregate the contract price, and that when
    the building was finished the contractor should be paid the re-
    mainder, if any, of such price; and therefore if such weekly pay-
    ments, made in good faith, had exhausted the full contract price
    before the building was completed—which was the fact in the
    present case—there was nothing to which a lien, thereafter claimed
    by a subcontractor or materialman, could attach.
General Statutes, § 4138, allows the owner credit for all the payments
    he may have made in good faith to the original contractor before
    receiving "notice" of a claim of lien by a subcontractor or material-
    man. *Held* that the "notice" thus required was the statutory
    notice prescribed in § 4137, and that an oral statement by such
    subcontractor or materialman that he intended to put a lien upon
    the building, and a letter to the same effect mailed by him to the
    owner, were insufficient to justify the latter in withholding pay-
    ments which had then become due to the original contractor under
    the terms of the contract, nor were they admissible in evidence to
    show that subsequent payments, if made as the contract required,
    were not made in good faith; and that for the same reason, an
    enquiry of the defendant owner upon his cross-examination, as to
    when he first learned that the plaintiff subcontractor was doing
    work upon the building, was properly excluded.
The defendant, on his redirect examination, was asked whether any of
    the weekly payments made by him to the contractor prior to re-
    ceiving statutory notice of the plaintiff's claim were made "in ad-
    vance of the progress of the work." *Held* that the witness was en-
    titled to state as a fact that the payments so made were not larger
    in amount than were properly considered to be fair and just
    equivalents for the work and materials then actually furnished,
    and that such was the purpose of the question, although that might
    have been more clearly stated.

Argued April 13th—decided July 31st, 1911.

ACTION to foreclose a mechanic's lien, brought to and tried by the Superior Court in New Haven County, *Reed, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff. *No error.*

*Charles S. Hamilton,* for the appellant (plaintiff).

*James H. Webb,* for the appellees (defendants).

HALL, C. J. The defendant Alling is the owner of land in New Haven described in the complaint. On May 12th, 1905, he contracted in writing with one Ferguson for the construction of a dwelling-house upon said land. The contract, which was in the form of a proposal signed by Ferguson and accepted in writing by Alling, contained this language: "I propose to furnish the necessary labor and materials to erect your proposed frame dwelling according to plans and specifications and details shown, . . . with the following exceptions, [here follows an extended list of so-called exceptions, alterations, additions and allowances]. The above specified work I will do for the sum of eighteen thousand, three hundred and eighty-eight dollars and fourteen cents ($18,388.14), payments to be made weekly as the work progresses, and in full when done."

On the 16th of October, 1905, the plaintiff contracted in writing with Ferguson to furnish the gas-fitting, plumbing, and hot-water heating of the house for $2,691, upon which there is due the plaintiff an unpaid balance of $1,691.

The complaint alleges, and the trial court has found, that on the 8th of October, 1906, the plaintiff gave the written statutory notice to the defendant that he had commenced to furnish materials and render services upon said house, and that he would claim a lien upon the same under the statute; and that on January 19th, 1907, he lodged a certificate of lien with the town clerk

of New Haven, stating that he commenced rendering services and furnishing materials as such subcontractor on the 14th of October, 1905, and ceased to do so on the 4th day of December, 1906; and that there was due him as the value of his services $1,691.

The trial court has further found that on the 8th of October, 1906, when the notice of lien was given by the plaintiff to the defendant Alling, the latter, in addition to payments for extras, had paid to Ferguson, for work done under the contract, $18,463.14, which was in excess of the contract price; that all the payments were made in good faith and none in advance of the time stipulated in the original contract; that about December 15th, 1906, Ferguson abandoned the contract; and that the defendant, in order to complete the house in accordance with the contract, was required to expend some $3,000 more than the contract price.

Section 4138 of the General Statutes provides that in determining the amount to which a lien, such as that claimed by the plaintiff, shall attach, the owner shall be allowed whatever payments he shall have made in good faith to the original contractor before receiving notice of the claimed lien, and that "no payments made in advance of the time stipulated in the original contract shall be considered as made in good faith, unless notice of intention to make such payment shall have been given in writing to each person known to have furnished materials or rendered services at least five days before such payment is made."

It follows, therefore, that the facts found by the trial court, as above stated, are decisive of this action, unless such conclusions of the trial court are inconsistent with other facts apparent upon the record, or unless it appears that they are to some extent based upon erroneous rulings upon questions of evidence.

The plaintiff contends that the facts thus found con-

flict with other admitted facts, and especially with the provisions of the written contract, in that it appears that the entire contract price of $18,388.14 was paid prior to October 8th, 1906, while the house was not finished until some time in 1907, and upon payment of the further sum of about $3,000. The plaintiff's argument seems to be that by the terms of the written agreement the entire contract price was not to be paid before the completion of the house, and that, therefore, the payment of it prior to October 8th, 1906, was to some extent an advance payment.

This claim cannot be sustained. It does not necessarily follow from the language of the contract that any payment was to be made to Ferguson when entire work was "done." The contract also provided that payments were to be made weekly as the work progressed. This provision does not mean that the amount of the weekly payments were to be determined by computing, each week, what fractional part of the entire labor and materials had been performed and furnished, or by ascertaining what relation the cost of the labor and materials of each week bore to the entire contract price. The plaintiff himself seems to have claimed in the trial court that the owner was required by this provision to pay weekly the value of the work done. The parties to the contract evidently construed this language as meaning that each week the owner should pay the contractor the expense incurred for labor and material actually performed and furnished, not exceeding the contract price, and that when the work was finished he should pay the contractor the remainder of the contract price. This was a reasonable, and, we think, the correct, interpretation of this provision. This provision for weekly payments by the owner, with other facts found, indicate that the contractor required these weekly payments to enable him to meet from time

to time the necessary expense for labor and materials, but that payment of the remainder of the contract price should be postponed until the completion of the work. Both parties undoubtedly contemplated a payment at the completion of the work, as both probably expected that the contractor would realize some profit on the contract, and would therefore receive something more than the cost of materials and labor, which was to be covered by the weekly payments. Of course, when the weekly payments required to be made before the work was finished exhausted the contract price, full payment was then made, and there remained no part of the contract price to be paid when the work was finished, and, Ferguson having in that case been properly paid his full contract price, the plaintiff could acquire no lien under his subcontract with Ferguson. General Statutes, § 4138; *Burritt Co.* v. *Negry*, 81 Conn. 502, 71 Atl. 570; *Tice* v. *Moore*, 82 Conn. 244, 73 Atl. 133.

The provisions of the written contract are not of a character to furnish definite information to subcontractors as to the time and amount of the payments to be made to the original contractor. Evidently the parties to the contract intended that the amount of the weekly payments would depend to a considerable extent upon their estimates and judgment.

The finding shows the amounts and dates of the payments made before October 8th, 1906, and that the owner testified that no payments were made in advance of the time stipulated in the original contract. The fact that there was a greater interval than one week between the payments made prior to October 8th, 1906, does not render them payments made in advance, or in bad faith, or to the prejudice of the plaintiff.

It appears that on July 25th, 1906, the plaintiff orally informed the owner that he intended to put a lien on the house for services, and that the owner replied, "All

right, go ahead." It further appears that the plaintiff offered in evidence the following letter from the plaintiff to Mr. Alling, dated July 28th, 1906, which, upon objection, was excluded by the trial court: "I hereby notify you that I intended to claim a lien on your new residence on Edgehill Road for Plumbing and Gasfitting and Hot Water Contract J. O. L. Ferguson General Contractor. J. D. Kelly." The plaintiff claims that these facts constitute proof of bad faith in the owner in making payments after receiving such notices, and that the letter of July 28th was therefore admissible as evidence.

Neither of these notices conformed, either in form or manner of service, to the requirements of § 4137 of the General Statutes, which is the only notice recognized by statute as a step in perfecting the lien of a subcontractor, and it is to be noted that the only notice of lien alleged in the complaint is the notice of October 8th, 1906. We are of opinion that the words "before receiving notice of such lien," used in § 4138 of the General Statutes in describing the payments to be allowed the owner, refer only to the statutory notice described in § 4137. No other notice would justify the owner in holding back payments after they had become due the contractor by the terms of the original contract. Had it appeared that the owner had made payments in advance of the time stipulated in the original contract, the oral notice and notice by letter would have been admissible to show that he knew the plaintiff was at work upon the house and was therefore one of those to whom the required five days' notice must be given by the owner. No payments having been made in advance, the oral notice and notice by letter were not proof that subsequent payments, made as stipulated in the contract, were not made in good faith, and the letter was properly excluded.

For the reasons just stated, the question asked the defendant Alling upon cross-examination, when he first learned that the plaintiff was doing work upon the building, was properly excluded.

The trial court properly admitted the following question asked Mr. Alling on redirect examination, and objected to as calling for an opinion of the witness, and one contrary to the facts proved: "Were any of these payments that you have testified to, made to Mr. Ferguson prior to October 8, 1906, made in advance of the progress of the work?" Apparently the witness had already testified to the time and amount of the payments actually made. The words "progress of the work" were evidently embodied in the question because there were similar words in the contract. The witness was entitled to state as a fact that the payments so made were not larger in amount than were properly considered to be fair payments for work and materials then actually furnished. We think the purpose of the question was to have him so state. Perhaps this purpose could have been more clearly stated in the question, but it was not objected to upon the ground that its meaning was obscure. If the plaintiff did not understand the meaning of the witness' answer, he could undoubtedly have learned it by further cross-examination, and could have ascertained what the witness understood to be advance payments, or payments as the work progressed.

The claim that the plaintiff was induced to continue his work upon the building by a statement of the defendant that there was a named sum due Ferguson, is not supported by the finding.

There is no error.

In this opinion the other judges concurred.