## THE THAMES LUMBER COMPANY *vs.* WILLIAM H. CRUISE ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 6th, 1932—decided February 21st, 1933.

*Morris Lubchansky,* with whom, on the brief, was *Russell H. Corcoran,* for the appellant (defendant).

*Robert P. Anderson,* for the appellee (plaintiff).

BANKS, J.   From the finding, which is not subject to any material correction, it appears that the defendant Cruise and Herbert Dayton entered into an oral agreement for the construction of a house by the latter upon property owned by the former, and that on July 9th, 1930, the plaintiff commenced to furnish materials for the same which were charged on its books to "Herbert Dayton, Cruise job."   On or about September 5th, 1930, the plaintiff, Cruise, Dayton and all other parties then in interest in the construction of the building, at the request of Cruise, entered into a new agreement in which Dayton, in consideration of the promise of the other parties, agreed that no claim would be made by him against Cruise under the original agreement, the other parties agreed to make no claim against Dayton for work already done and materials furnished, and Cruise promised to pay the laborers for the work already done and to employ them and also Dayton thereafter by the day, and further assumed and agreed to pay the amount due the plaintiff for materials already furnished and to be thereafter furnished by it in the construction of the building.   Prior to this date, no payment had been made by Cruise to Dayton upon their contract and none by Dayton to his subcontractors.   The parties continued to render services and furnish materials under this new agreement until the building was completed, and the plaintiff also furnished materials for a garage constructed upon the same premises upon the request of the defendant Cruise.   The plaintiff gave no written notice to Cruise of its intention to claim a lien, but on

December 12th, 1930, filed in the town clerk's office a certificate of a mechanic's lien for the materials furnished by it in the construction of the house and garage. On December 3d, 1930, Cruise gave to the defendant Elfenbein a mortgage of $1500 upon the property. The sole question upon this appeal is one of priority as between this mortgage and the plaintiff's lien.

Our mechanic's lien statutes give to one having a claim for materials furnished in the construction of a building "by virtue of an agreement with or by consent of the owner of the land upon which such building is being erected or shall have been erected" a lien, provided a certificate of lien is filed within sixty days after he has ceased to furnish the materials. One who is not the original contractor, and whose contract has not been assented to in writing by the owner of the land, is not entitled to a lien for materials furnished unless he shall, after commencing, and not more than sixty days after ceasing, to furnish materials, give written notice to the owner of his intention to claim a lien for the same. General Statutes, §§ 5105, 5106, 5107. Since the plaintiff gave no such notice, its right to a lien depends upon whether it has a claim for materials furnished by virtue of an agreement with or by consent of the owner Cruise. Concededly, the plaintiff commenced to furnish materials as a subcontractor of Dayton and had that arrangement continued its right to a lien would have been lost by its failure to give the owner notice of its intention to claim a lien as required by General Statutes, § 5107. By the agreement of September 5th, Dayton's contract with Cruise was cancelled and a new one substituted under which Dayton was to be paid by the day's work. Under the terms of this agreement, Cruise not only agreed to pay the plaintiff for all materials thereafter

furnished by it, but also to pay for all materials it had theretofore furnished upon the job. Dayton released Cruise from his obligation to pay him for such material under his original contract, and the plaintiff released Dayton from his obligation to it. By agreement of all the parties, therefore, there was effected a novation by which Cruise was substituted for Dayton as a debtor of the plaintiff for the materials which up to that time it had furnished upon the job. This resulted in the discharge of Dayton's obligation to the plaintiff and the creation of a new obligation by Cruise whereby he became directly responsible to the plaintiff for the payment of such materials. 3 Williston, Contracts, § 1865. The materials furnished by the plaintiff prior to September 5th were not furnished by virtue of an agreement with the owner of the land. There was then no contractual relation between them. Such relation was established by the agreement of September 5th as a result of which the plaintiff became a principal contractor and had a claim against Cruise for the value of the materials furnished, which claim arose by virtue of that agreement with Cruise, the owner of the land. *McCaffrey* v. *Groton & Stonington St. Ry. Co.,* 85 Conn. 584, 587, 84 Atl. 284. The right of lien given by § 5105 is not limited to those who have furnished materials by virtue of a preëxisting agreement with the owner of the land. The lien is given to one having a claim for materials furnished. If the claim is based on an agreement with the owner, it is lienable even if the material has already been furnished before the agreement, by which the claim against the owner accrues, has been made. The requirement of notice to the owner by a subcontractor of his intention to claim a lien is for the purpose of informing the owner of the existence of the lien, so that payments to the main contractor may be with-

held for his protection. *New Haven Orphan Asylum v. Haggerty Co.*, 108 Conn. 232, 241, 142 Atl. 847. No such payments had been made by Cruise to Dayton prior to the agreement of September 5th. That agreement imposed upon Cruise a direct obligation to pay for all the materials already furnished by the plaintiff, and a notice to him of the latter's claim would have served no good purpose.

Cases which hold that, when one has furnished materials under two separate contracts and, by failing to file a certificate within the required time, has lost his right to a lien for the materials furnished under one contract, the two transactions cannot be tacked together so as to revive that lost right, are not in point. The plaintiff is claiming under a single agreement to furnish materials, originally made with Dayton, in whose place Cruise was substituted by the agreement of September 5th, and the plaintiff continued to furnish materials under the same agreement except that it looked directly to Cruise for payment instead of to Dayton. The plaintiff is not relying for the establishment of its lien upon a waiver of notice by the owner. Upon the facts found, no notice of its intention to claim a lien was required.

Section 5108 of the General Statutes provides that where there are several claimants and the amount of their united claims exceeds the contract price, the claimants, other than the original contractor, shall be first paid in full. No question of the right of subcontractors to priority arises upon this appeal. All the materialmen and laborers upon the job joined in the agreement of September 5th, by which they agreed to the substitution of Cruise for Dayton as their debtor. Had they not done so, their right of priority could not, of course, have been taken away by the mere assumption by Cruise of the obligation to pay

them. This case does not require determination as to the effect upon the rights of a mortgagee of such an agreement to which he was not a party, made after his mortgage had been placed upon the premises. The mortgage of the defendant Elfenbein originated subsequent to the date when the plaintiff began to furnish materials and after he had finished doing so and the plaintiff's lien takes precedence over it. General Statutes, § 5105.

There is no error.

In this opinion the other judges concurred.