H & S TORRINGTON ASSOCIATES *v.* LUTZ ENGINEERING CO., INC.

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued October 13—decision released December 15, 1981

*Dion W. Moore,* for the appellant (defendant).

*Peter S. Sorokin,* with whom, on the brief, was *Christopher M. Royston,* for the appellee (plaintiff).

ARMENTANO, J.    In this appeal the parties are contesting the notice required by General Statutes §§ 49-34[1] and 49-35[2] to be served upon the property owner in order to validate a mechanic's lien.

The plaintiff, H & S Torrington Associates (hereinafter H & S), is a general partnership engaged in the construction of shopping centers.    Desiring to build the Torrington North Shopping Center upon

---

[1] General Statutes § 49-34, as amended to 1980, provided: "CERTIFICATE OF LIEN TO BE RECORDED AND NOTICE GIVEN TO OWNER. A mechanic's lien is not valid, unless the person performing the services or furnishing the materials, (1) within sixty days after he has ceased to do so, lodges with the town clerk of the town in which the building, lot or plot of land is situated a certificate in writing, which shall be recorded by the town clerk with deeds of land, (A) describing the premises, the amount claimed as a lien thereon, the name or names of the person against whom the lien is being filed and the date of the commencement of the performance of services or furnishing of materials, (B) stating that the amount claimed is justly due, as nearly as the same can be ascertained, and (C) subscribed and sworn to by the claimant, and (2) within the same time, or prior to the lodging of the certificate but not later than seven days after lodging the certificate, serves a true and attested copy of the certificate upon the owner of the building, lot or plot of land in the same manner as is provided for the service of the notice in section 49-35."

[2] General Statutes § 49-35, as amended to 1980, provided: "NOTICE OF INTENT. LIENS OF SUBCONTRACTORS AND MATERIALMEN. (a) No person other than the original contractor for the construction, raising, removal or repairing of the building, or the development of any lot, or the site development or subdivision of any plot of land or a subcontractor whose contract with the original contractor is in writing and has been assented to in writing by the other party to the original contract, is entitled to claim any such mechanic's lien, unless, after commencing, and not later than sixty days after ceasing, to furnish materials or render services for such construction, raising, removal or repairing, he gives written notice to the owner

land it owned in Torrington, H & S entered into a contract with Healy Construction Company, Inc. (hereinafter Healy Construction), a Massachusetts corporation, as general contractor. Bernard H. Healy, Jr., was one of two partners in H & S and an officer and shareholder of Healy Construction. Edward T. Smith was the other partner in H & S, but was not formally affiliated with Healy Construction.

In his capacity as president of Healy Construction, Healy signed a subcontract agreement on April 10, 1979, with the defendant, Lutz Engineering Co., Inc. (hereinafter Lutz), whereby Lutz agreed to furnish and install heating and air conditioning systems for the shopping center. Healy dealt directly with Lutz, but both he and Smith were aware of the defendant Lutz's work. By March 24, 1980, Lutz's services were substantially

---

of the building, lot or plot of land that he has furnished or commenced to furnish materials, or rendered or commenced to render services, and intends to claim a lien therefor on the building, lot or plot of land. The notice shall be served upon the owner, if he resides in the same town in which the building is being erected, raised, removed or repaired or the lot is being improved, or the plot of land is being improved or subdivided, by any indifferent person, by leaving with him or at his usual place of abode a true and attested copy thereof. If the owner does not reside in such town, but has a known agent therein, the notice may be so served upon the agent, otherwise it may be served by any indifferent person, by mailing a true and attested copy of the notice to the owner at the place where he resides. When there are two or more owners, the notice shall be so served on each owner. The notice, with the return of the person who served it endorsed thereon, shall be returned to the original maker of the notice within said period of sixty days.

"(b) No subcontractor, without a written contract complying with the provisions of this section, and no person who furnishes material or renders services by virtue of a contract with the original contractor or with any subcontractor, may be required to obtain an agreement with, or the consent of, the owner of the land, as provided in section 49-33, to enable him to claim a lien under this section."

performed, but $94,410 remained due and payable from Healy Construction. The quality of Lutz's work is not in dispute.

On April 25, 1980, Lutz recorded a mechanic's lien on the premises. The lien claimed an amount owing of $94,410 for services rendered and materials furnished commencing June 12, 1979, and ending March 24, 1980. The lien certificate further alleged that it was made and filed within 60 days from the time of ceasing to render services and furnish materials. The day after the recording a deputy sheriff mailed a true and attested copy of the lien, by registered mail, return receipt requested to both Bernard E. Healy, Jr. and Edward T. Smith as partners of H & S. The sufficiency of service is not disputed.

On October 17, 1980, the trial court discharged the lien upon application of the plaintiff owner. The court based its decision on the subcontractor's failure to serve a separate notice on the owner of its intent to claim a mechanic's lien pursuant to General Statutes § 49-35 (a). On December 18, 1980, upon reargument, the trial court declined to reopen the judgment, holding that a subcontractor, not in privity with the property owner, was required to serve two notices on the owner in order to validate a mechanic's lien. In this appeal from the discharge of the lien the defendant claims (1) that two separate notices are not required to comply with the notice requirements of General Statutes §§ 49-34 and 49-35 (a); and (2) that there was a written assent by the plaintiff to the work performed by the defendant, thereby excusing the defendant from the notice requirements of General Statutes § 49-35 (a).

The purpose of the mechanic's lien is to give one who furnishes materials or services "the security of the building and land for the payment of his claim by making such claim a lien thereon . . . ." *J. L. Purcell, Inc.* v. *Libbey,* 111 Conn. 132, 136, 149 A. 225 (1930); *Balch* v. *Chaffee,* 73 Conn. 318, 320, 47 A. 327 (1900); see generally "Mechanics' Liens in Connecticut," 37 Conn. B.J. 209 (1963). A subcontractor's right to claim a lien against a property owner with whom he is not in privity was "created because the subcontractor has furnished material or labor to or for the contractor which has gone into the owner's building." *J. L. Purcell, Inc.* v. *Libbey,* supra, 137; see *A. W. Burritt Co.* v. *Negry,* 81 Conn. 502, 507, 71 A. 570 (1909). Because the mechanic's lien is a creature of statute, a lienor must comply with statutory requirements in order to perfect his claim. E.g., *City Lumber Co. of Bridgeport, Inc.* v. *Borsuk,* 131 Conn. 640, 645, 41 A.2d 775 (1945); *Swift & Upson Lumber Co.* v. *W. L. Hatch Co.,* 115 Conn. 494, 498, 162 A. 19 (1932); *White v. Washington School District,* 42 Conn. 541, 545 (1875). Provisions of mechanic's lien law should be liberally construed so as to reasonably and fairly implement its remedial intent. See, e.g., *Henry F. Raab Connecticut, Inc.* v. *J. W. Fisher Co.,* 183 Conn. 108, 115, 438 A.2d 834 (1981); *Seaman* v. *Climate Control Corporation,* 181 Conn. 592, 597, 436 A.2d 271 (1980); *Pierce, Butler & Pierce Mfg. Corporation* v. *Enders,* 118 Conn. 610, 615, 174 A. 169 (1934).

General Statutes § 49-35 (a) provides, in pertinent part, that no subcontractor except one "whose contract with the original contractor is in writing and has been assented to in writing by the other party to the original contract, is entitled to claim any . . . mechanic's lien, unless, after commencing, and not

later than sixty days after ceasing, to furnish materials or render services for such construction, . . . he gives written notice to the owner of the building, lot or plot of land that he has furnished or commenced to furnish materials, or rendered or commenced to render services, and intends to claim a lien therefor on the building, lot or plot of land." This notice requirement was "concerned with the protection of the owner of the property, who might not otherwise know what, if any, subcontractors the principal contractor had employed"; *Biller* v. *Harris,* 147 Conn. 351, 354, 161 A.2d 187 (1960) ; see *Lampson Lumber Co.* v. *Rosadino,* 141 Conn. 193, 196, 104 A.2d 362 (1954) ; "so that payments to the main contractor may be withheld . . . ." *Thames Lumber Co.* v. *Cruise,* 116 Conn. 273, 276–77, 164 A. 652 (1933).

Another notice requirement, first enacted in 1975,[3] was intended to protect the due process rights of property owners who would not otherwise have actual notice of the recorded lien. See *Papa* v. *Greenwich Green, Inc.,* 177 Conn. 295, 301-302, 416 A.2d 1196 (1979) ; *Roundhouse Construction Corporation* v. *Telesco Masons Supplies Co.,* 168 Conn. 371, 385, 362 A.2d 778, vacated, 423 U.S. 809, 96 S. Ct. 20, 46 L. Ed. 2d 29 (1975), on remand, 170 Conn. 155, 365 A.2d 393, cert. denied, 429 U.S. 889, 97 S. Ct. 246, 50 L. Ed. 2d 172 (1976) ; 18 H. R. Proc., Pt. 10, 1975 Sess., p. 4922. General Statutes § 49-34, as amended to 1980, required anyone claiming a mechanic's lien to cause to be recorded a written lien certificate within sixty days after he has ceased performing services or furnishing materials,[4] and "within the same time, or prior to the lodging of the

---

[3] Public Acts 1975, No. 75-418, § 1.

[4] See footnote 1, supra.

certificate but not later than seven days after lodging the certificate . . . [to serve] . . . a true and attested copy of the certificate upon the owner of the building, lot or plot of land . . . ."[5] Because section 2 of Public Acts 1975, No. 75-418 left intact the notice requirement of General Statutes § 49-35 (a), as does a 1981 amendment,[6] we conclude that the legislature intended the notice provisions of both statutes to apply to subcontractors claiming a lien.

Both notice requirements may be satisfied in one document. Although the term "intends" usually implies a future act, this court has stated that "[i]f the basic purpose of the notice of intent to claim a lien is borne in mind, it becomes apparent that there is no occasion for reading into § 49-35 an implied provision that as [a] matter of law the notice must be served on the owner prior to the filing for record of the certificate of lien under § 49-34." *Biller* v. *Harris*, 147 Conn. 351, 355, 161 A.2d 187 (1960). Accordingly, a subcontractor may comply simultaneously with both notice requirements. Two separate notices are not necessary to accomplish the purpose of the statutes. *Lowndes Hill Realty Co.* v. *Greenville Concrete Co.*, 229 S.C. 619, 630, 93 S.E.2d 855 (1956).

The copy of the lien certificate served upon the owner in the present case complies, except in one respect, with the content and time requirements of both General Statutes §§ 49-34 and 49-35 (a). The subcontractor has failed only to state that it "intends to claim a lien" pursuant to § 49-35 (a). Use of the language "intends to claim a lien" is not talis-

---

[5] Section 8 of Public Acts 1981, No. 81-8, extended the notice deadline from seven to thirty days.

[6] Public Acts 1981, No. 81-8, § 7.

manic, provided the other provisions of § 49-35 (a) are met. Taking into account the remedial intent of the law, this court is satisfied with substantial compliance of the requirements of both mechanic's lien statutes. *Pierce, Butler & Pierce Mfg. Corporation* v. *Enders,* supra, 615. Because the defendant substantially complied with the notice requirements of both statutes when it served a copy of the lien certificate upon the property owners, the court erred in discharging the valid lien.[7]

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.

---

[7] The defendant also claims that there was a written assent by the plaintiff to the work performed by the defendant, thereby excusing the defendant from the notice requirement of General Statutes § 49-35 (a). Our resolution of the defendant's first claim of error is dispositive of this appeal. It is unnecessary for this court to address the defendant's second claim.