[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR DISCHARGE OF MECHANIC'S LIEN
The issue raised by the motion is whether the defendant's, Olson Steel Company ("Olson Steel"), mechanic's lien is invalid and discharged as a matter of law.
It is found that the defendant has failed to follow the statutory requirements for perfection of its mechanic's lien. Accordingly, the mechanic's lien is invalid and is discharged.
FACTS
This action comes to the court by means of a writ of summons and complaint filed on February 6, 1989. The plaintiff, Omnibank of Connecticut, Inc., commenced a foreclosure action on its mortgage and named several subsequent encumbrancers in the complaint as defendants.
The plaintiff bank alleges the following facts in its one count complaint. Defendant Poplar Condominium Development, Inc. ("Poplar") executed a note in favor of the plaintiff for One Million Five Hundred Thirty Thousand ($1,530,000.00) Dollars on September 22, 1987. The note was guaranteed by defendants Ansel Goldstein and Ruth R. Goldstein. The defendants Goldstein did not pay the interest payments when due and the bank called due the entire debt.
The plaintiff alleges in paragraph 10(b) that defendant Olson Steel recorded a mechanic's lien on the Bridgeport land records on September 8, 1988, reciting a debt for materials and services to the mortgaged premises amounting to $19,402.00.
Olson Steel filed an appearance in the case on February 10, 1989. The plaintiff Omnibank filed a motion for CT Page 338 default for failure to disclose a defense on March 8, 1989. An order for default for failure to disclose a defense was entered against Olson Steel on July 3, 1989 (Harrigan, J.)
Olson Steel moved for permission to file a disclosure of defense, answer and special defense and its disclosure of defense, answer and special defense and cross-complaint on November 30, 1989. Plaintiff Omnibank filed an objection to the motion on December 26, 1989. The objection was overruled by the court on July 17, 1990 (Ballen, J.). The plaintiff bank also filed a motion on December 26, 1989 to determine that Olson Steel's mechanic's lien is invalid and discharged as a matter of law. It is this latter motion to discharge which is before the court.
Connecticut General Statutes 49-33 establishes the right of a provider of services or material in excess of Ten Dollars to place a mechanic's lien on the real estate for which the materials or services were furnished. Connecticut General Statutes 49-33 (1990).
 The purpose of the mechanic's lien is to give one who furnishes materials or services the security of the buildings and land for the payment of his claim. . .(citations omitted) . . .Because the mechanic's lien is a creature of statute, a lienor must comply with statutory requirements in order to perfect his claim. (Citations omitted.) . . .Provisions of mechanic's lien law should be liberally construed so as to reasonably and fairly implement its remedial intent. (Citations omitted.)
H S Torrington Associates v. Lutz Engineering Co.,185 Conn. 549, 553 (1981).
Plaintiff Omnibank argues that defendant Olson Steel Company's mechanic's lien, dated September 8, 1988, has expired as a matter of law because the lienor has failed to commence an action to foreclose the mechanic's lien and to record a notice of lis pendens within one year of September 8, 1988.
Connecticut General Statutes 49-39 states:
 A mechanic's lien shall not continue in force for a longer period than one year after the lien has been perfected, unless the party claiming the lien commences an action to foreclose it, by complaint, CT Page 339 cross-complaint or counterclaim, and records a notice of lis pendens. . .on the land records. . .within one year from the date the lien was recorded. . . . Each such lien after the expiration of the one year period. . .without action commenced. . .shall be invalid and discharged as a matter of law. (Emphasis added.)
Id.
The court has stated that:
 [The] remedial purpose [of the mechanic's lien statute] to furnish security for a contractor's labor and materials requires a generous construction. . . . Generosity of spirit does not, however, permit departure from reasonable compliance with the specific provisions of the statute. (Citations omitted.)
J. C. Penny Properties, Inc. v. Peter M. Santella Co., 210 Conn. 511,514 (1989).
 [W]here the language used by the legislature is plain and unambiguous, there is no room for statutory construction by the courts and the statute will be applied as its words direct. (Citation omitted.) . . .The use of the word "shall" by the legislature connotes that the performance of the statutory requirements is mandatory rather than permissive. (Citation omitted.) Therefore, the filing of a notice of lis pendens is mandatory and not directive, and the failure to file a lis pendens would invalidate a mechanic's lien.
Putnam Plumbing and Heating v. Hatrick, 1 CTLR 339 (June 18, 1990, Lewis, J.).
It is found that in the instant case defendant Olson Steel Company has failed to comply with the mandate of Connecticut General Statutes 49-39 and that, accordingly, its mechanic's lien is invalid and should be discharged as a matter of law. The lien is discharged.
WILLIAM J. McGRATH, JUDGE CT Page 340