[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR DISCHARGE OF MECHANIC'S LIEN #106
On February 28, 1992 the plaintiff, Design Group One, filed a complaint, dated October 25, 1991, against three defendants, Morton Silberstein, Saybrook Bank Trust Co., and Gateway Bank. In the complaint the plaintiff alleges that in accordance with a contract it had with Silberstein, Design Group One rendered architectural drawings and designs for a building Silberstein planned to construct on property in New Milford, Conn. The plaintiff alleges that, when Silberstein failed to pay for its services, it filed a mechanic's lien on the property on August 16, 1991. Notice of the lien was served on defendant Silberstein on August 20, 1991. The other two defendants, Saybrook Bank Trust Co., and Gateway Bank, hold mortgages on the property. The plaintiff alleges that these mortgages, recorded December 10, 1987 and June 29, 1989 respectively, are subsequent and subordinate to its mechanic's lien. The contract between Design Group One and Silberstein, attached to the complaint as Exhibit B, was signed on July 19, 1990. Design Group One seeks, among other things, damages, possession of the property and foreclosure of the mechanic's lien.
On June 12, 1992 defendant Gateway Bank filed an Amended Motion for Discharge of Mechanic's Lien, and a memorandum in support, seeking discharge of the mechanic's lien under General Statutes Sections 49-35a and 49-33. Gateway Bank argues that the mechanic's lien was invalid because Design Group One did not provide "Services in the `construction' raising, removal or repairs of any building or any appurtenances or in the improvement of any lot or in the site development or subdivision of any lot of land,'" and because no notice was given to Gateway Bank, the holder of the legal title to the property. On June 22, 1991 Design Group One filed a memorandum opposing the motion for discharge of the mechanic's lien. On June 29, 1992, Gateway Bank filed a reply memorandum followed on July 7, 1992 by a rebuttal brief from Design Group One. On August 7, 1992 Gateway Bank filed a supplemental memorandum and on August 14, 1992 the plaintiff filed a reply to the supplemental memorandum.
The issue before this court is whether the mechanic's lien should be discharged. The plaintiff placed a mechanic's lien on the property. The right to place a mechanic's lien on real estate for a claim in excess of ten (10) dollars for material furnished or services rendered in the construction CT Page 9749 of a building or in the improvement of a lot is established by General Statutes Section 49-33. "The purpose of the mechanic's lien is to give one who furnishes materials or services the security of the building and land for the payment of his claim by making such claim a lien thereon." H S Torrington Associates v. Lutz Engineering Co.,185 Conn. 549, 553, 441 A.2d 171 (1981); see also J.C. Penney Properties, Inc. v. Peter M. Santella Co., 210 Conn. 511,514, 555 A.2d 990 (1989).
Only the owner of the real estate can bring an application for discharge of the mechanic's lien pursuant to General Statutes Section 49-35(a). Henry F. Raab Connecticut, Inc. v. J. W. Fisher Co., 183 Conn. 108, 113,438 A.2d 834 (1981). The defendant here must prove by clear and convincing evidence the invalidity of the lien. Pomarico v. Gary Construction, Inc., 5 Conn. App. 106. 111, 487 A.2d 70, cert. denied, 197 Conn. 816, 500 A.2d 1336 (1985).
In its motion for discharge, defendant Gateway Bank asserts four grounds to support its claim that the mechanic's lien is invalid: first the plaintiff did not provide notice to Gateway Bank, holder of legal title to the property; second, the plaintiff provided no services "in the construction, raising, removal or repairs of any buildings or any of its appurtenances or in the improvement of any lot or in the site development or subdivision of any plot of land. . . ."; third, the plaintiff did not provide services within ninety days of filing the lien; and finally interest included in the amount of the lien was miscalculated.
1. Notice requirement.
"A mechanic's lien is not valid unless the person performing the services or furnishing the materials, . . . serves a true and attested copy of the certificate upon the owner of the building, lot or plot of land . . ." Conn. Gen. Stat. Sec. 49-34. The plaintiff does not dispute Gateway Bank's claim that Gateway Bank did not receive notice of the mechanic's lien.
The Connecticut appellate courts have not yet determined whether a mortgagee is an owner under Section49-34. Several superior courts, however, have held that the mortgagee is not an owner for any purpose other than one CT Page 9750 relating to the mortgagor-mortgagee relationship. See PDS Engineering Construction, Inc. v. Double RS a/k/a Double RS Partnership, 6 CTLR 181, 185 (April 8, 1992, Satter, S.T.R.); Gilbane Building v. Stamford Towers, 6 CTLR 65, 66-67 (February 24, 1992, Dean, J.); St. Lawrence Explosives of Connecticut, Inc. v. Fairfield Resources, Inc., 5 CTLR 365, 367 (December 31, 1991, Fuller, J.) The courts in PDS Engineering, supra, Gilbane Building, supra, and St. Lawrence Explosives, supra, reasoned that if the legislature had intended to include mortgagees as "owners," it could have done so. PDS Engineering, supra, 185; Gilbane Building, supra, 67; St. Lawrence Explosives, supra 367. The courts determined that interpreting "owner" to include the mortgagee would be contrary to other provisions of the mechanic's lien statute and contrary to the practical results and purpose of the statute. PDS Engineering, supra; Gilbane Building, supra; St. Lawrence Explosives, supra. In addition, in section49-35d(a), the legislature specifically mentioned "owners and mortgagees" when it described the effect the revised mechanic's lien statute would have on mechanic's liens filed prior to the revision.
The decisions, PDS Engineering, supra; Gilbane Building, supra; and St. Lawrence Explosives, supra, analyze the purpose of the mechanic's lien statute thoroughly and this court adopts that reasoning. Thus, Gateway Bank, the mortgagee is not an owner of the property and, therefore Gateway Bank was not entitled to notice under General Statutes Sec. 49-34.
2. Services provided.
Gateway Bank next claims that Design Group One did not provide "services in the `construction, raising, removal or repairs of any building or any appurtenances or in the improvement of any lot or in the site development or subdivision of any lot of land'" as required by General Statutes Sec. 49-33(a). In Marchetti v. Sleeper, 100 Conn. 339,123 A. 845 (1924), the Connecticut Supreme Court held that an architect's plans and renderings constitute lienable services only after construction has begun on the building. Id., 342. In 1974, however, section 49-33(a) was revised to add the phrase "or in the improvement of any lot or in the site development or subdivision of any plot of land." Nickel Mine Brook Associates v. Joseph E. Sakal, P.C., 217 Conn. 351, CT Page 9751 363, 585 A.2d 1210 (1991). The Connecticut Supreme Court held that legal services provided to obtain a zoning change intended to enhance the marketability of a parcel of property, were not lienable. Id., 362-63. The court did not address the question of whether the revision to Sec. 49-33a still required that services be connected to some visible physical improvement to the property. Id., 364 ("our interpretation of the amended statute does not require us to address whether the services rendered must always be connected to some physical enhancement of the property in order to fall within the scope of Section 49-33(a)").
The plaintiff argues that its architectural renderings accompanied by some movement of dirt and markings made on the property are sufficient to satisfy the requirement of Section49-33(a). Gateway Bank contends that plaintiff's activity was insufficient to apprise someone viewing the property that work was ongoing and, therefore, that plaintiff's work was insufficient to support a mechanic's lien. Gateway Bank cites "cases dealing with the priority of a mechanic's lien over a mortgage to support its claim that visible notice of activity on the property is required. Since the validity of the lien and not the priority of the lien over the mortgage is at issue, Gateway Bank's argument is not on point. See Calabrese Development Corp. v. Carpinella, 7 CSCR 891 (June 16, 1992, Blue, J.); PDS Engineering, supra. In accordance with the foregoing Gateway Bank has not shown by clear and convincing evidence that Design Group One did not provide lienable services.
3. Timeliness.
Gateway Bank next claims that Design Group One did not provide services within 90 days of filing the mechanic's lien as required by General Statutes Section 49-34. Design Group One's last bill indicated work through March 15, 1991. However, Design Group One claims, in its memorandum in opposition to the motion for discharge, that it provided services between July 27, 1988 and May 23, 1991. Design Group One claims that the services provided in May 1991 were services performed under a different section of the contract and for which it did not bill Silberstein. The mechanic's lien was filed on August 16, 1991. Neither party provided evidence to support its claim. Therefore, since the burden is on Gateway Bank to prove the invalidity of the lien by CT Page 9752 clear and convincing evidence, Gateway Bank has failed to meet this burden.
Gateway Bank's final claim is that the interest included in the mechanic's lien was calculated incorrectly. Gateway Bank provides an authority for this statement and does not indicate why the calculation is incorrect. As a result, Gateway Bank has failed to establish its claim that the interest was calculated incorrectly by clear and convincing evidence.
The court finds that Gateway Bank, as mortgagee, is not an owner of the property for purposes of receiving notice of the filing of a mechanic's lien. Gateway Bank has not established its remaining claims of invalidity by clear and convincing evidence. Therefore, the motion to discharge the mechanic's lien is denied.
PICKETT, J.