[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff instituted the present action seeking to foreclose a mechanic's lien for the cost of materials furnished in the construction of an improvement of the defendants' property. A certificate of lien was filed with the town clerk on September 27, 1991. The defendant has moved to dismiss the action on the grounds that the plaintiff ceased furnishing materials in rendering services on June 28, 1991 and, therefore, the certificate of lien was not filed in compliance with the time period set forth in General Statutes 49-34.
General Statutes 49-34 provides: "A mechanic's lien is not valid, unless the person performing the services or furnishing the materials, (1) within 90 days after he has ceased to do so, lodges with the town clerk" a certificate of lien. In the present case, a certificate of lien was filed more than 90 days after the plaintiff ceased furnishing materials.
While the provisions of mechanic's lien law should be liberally construed so as to reasonably implement the remedial intent, a mechanic's lien is a creature of statute and a lienor must comply with the statutory requirements in order to perfect his CT Page 3769 claim. H S Torrington Associates v. Lutz Engineering Co.,185 Conn. 549, 553 (1981). Where a statute gives a right of action which did not exist at common law, and fixes a time within which the right must be enforced, the time limitation is a condition attached to the right and is jurisdictional in nature. Diamond National Corporation v. Dwelle, 164 Conn. 540, 547 (1973). As mechanic's liens are a creature of statute, and our statute provides that any lien is not valid unless a certificate is filed within the 90 day period, the case would be subject to dismissal.
The defendant, however, claims that on September 10, 1991 a mechanic's lien signed by the individual plaintiff, was recorded on the land records and claims that the September 10th mechanic's lien was signed by the "Russell Monahan"; that the name typed under the signature was "Russell Monahan, Jr."; that true name of the plaintiff is Russell P. Monahan and not Russell Monahan, Jr. for the September 27th, 1991 mechanic's lien was merely "corrective" in nature.
Neither the complaint nor the September 27th certificate make any reference to a September 10th certificate nor does the September 27th certificate indicate on its face that it is "corrective" in any respect. The plaintiff is, therefore, attempting to foreclose a mechanic's lien where the certificate of lien was not filed within the time period mandated by statute. Accordingly, the Motion to Dismiss is hereby granted.
RUSH, J.