[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Sharisse Steiner ("owner"), has filed an application to discharge or reduce a mechanic's lien filed against her property in Bethlehem by Glenn Barbour d/b/a/ G B Builders ("lienor"). These proceedings are governed by General Statutes §§ 49-35a and 49-35b. Under § 49-35b (a) the lienor is first required to establish the existence of probable cause to sustain the validity of its lien. General Statutes § 49-35b (a). The property owner then has an opportunity to "prove by clear and convincing evidence that the validity of the lien should not be sustained or the amount of the lien claimed is excessive and should be reduced." Id.
The court concludes that the lienor has failed to establish that he has complied with the statutory requirements necessary for sustaining the validity of its lien. A lienor must comply with statutory requirements in order to perfect its claim. H S Torrington Associates v. LutzEngineering Co., 185 Conn. 549, 553 (1981). General Statutes § 49-35b
CT Page 10758 provides in pertinent part that: "Upon the hearing held on the application or motion set forth in section 49-35a, the lienor shall first be required to establish that there is probable cause to sustain the validity of his lien. . . ."
Under the provisions of General Statutes § 49-34, "[a] mechanic's lien is not valid unless the person performing the services or furnishing the materials, "
 (1) within ninety days after he has ceased to do so, lodges with the town clerk of the town in which the building, lot or plot of land is situated a certificate in writing, which shall be recorded by the town clerk, with deeds of land, (A) describing the premises, the amount claimed as a lien thereon, the name or names of the person against whom the lien is being filed and the date of the commencement of the performance of services or furnishing of materials, (B) stating the amount claimed is justly due, as nearly as can be ascertained, and (C) subscribed and sworn to by the claimant, and (2) within the same time, or prior to the lodging of the certificate but not later than thirty days after lodging the certificate, serves a true and attested copy of the certificate upon the owner of the building, lot or plot of land in the same manner as provided for the service of the notice in section 49-35.
In ruling upon the owner's motion to discharge the lienor's certificate of lien, the court must first determine whether the lienor has complied with the statutory requirements necessary to establish the validity of its lien.
The filing of a certificate of mechanic's lien with the town clerk, as set forth in General Statutes § 49-34 is a necessary statutory element of the certificate. As stated above, § 49-34 (1) provides that the "certificate in writing . . . be recorded by the town clerk with the deeds of land. . . ." The lienor in this matter has failed to establish that its certificate of lien was properly filed with the town clerk of the town of Bethlehem or lodged with the deeds of land as required by General Statutes § 49-34 in order to sustain the lien's validity. In the instant case, the lienor, introduced no evidence that the mechanic's lien had been filed with the town clerk. No evidence was presented to enable the court to determine whether, in fact, the lienor properly lodged the certificate of lien with the town clerk of the Bethlehem or whether it was recorded with deeds of land for Bethlehem. The lienor has CT Page 10759 introduced no evidence to establish that it has complied with this necessary statutory element in order for this court to sustain the validity of its lien.
Furthermore, the court, after a careful review of the court's file and the evidence presented, is unable to determine whether the lienor's certificate of lien was served upon the owner as required by General Statutes § 49-34. A careful examination of the court's file and the exhibits introduced fails to produce a marshal's return to establish that true and attested copies of the certificate of lien were served upon the owner or whether, if served, the certificate was served within the statutory period provided for by General Statutes § 49-34.
Having made the determination that the lienor has not sustained the validity of its certificate of lien, based on his failure to establish that the certificate of lien was properly filed with the Bethlehem Town Clerk and lodged with the deeds of land, the court is at a loss to determine whether, in fact, the certificate was filed within the statutory time period.
 CONCLUSION
The lienor's failure to establish that it has complied with the statutory requirements necessary for this court to sustain the validity of its certificate of mechanic's lien renders the certificate invalid and subject to discharge. For the foregoing reasons, the owner's application to discharge the lienor's certificate of mechanic's lien is granted.
By the Court,
(Cremins, J.)