MICHAEL J. PAPA ET AL. *v.* GREENWICH GREEN, INC., ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued February 9—decision released April 10, 1979

*John C. Bullock,* with whom was *Anthony M. Fitzgerald,* for the appellants (plaintiffs).

*Jonathan S. Bowman,* for the appellees (defendants Thomas F. Walsh et al.).

COTTER, C. J. The present appeal is taken by the plaintiffs from the judgment, rendered in favor of certain defendants, discharging the plaintiffs' mechanic's lien as to those defendants.

The plaintiffs, a partnership consisting of three individuals doing business as Michael Papa Associates, hereinafter the "general contractor," brought this action to foreclose a mechanic's lien on property on which they had constructed sixty-three condominium units under contract to the defendant, Greenwich Green, Inc., hereinafter the "developer," and its predecessors in interest. The developer and

the thirty-one unit owners represented in this present appeal who purchased their units between July 1, 1975, and December 20, 1975, are among the various defendants in the action. The total contract price is alleged to be approximately $2,200,000.

Upon completion of construction, the plaintiffs filed a certificate of mechanic's lien with the town clerk of Greenwich and served a copy of the certificate upon the developer on April 5, 1976. No service of this certificate was made, however, upon the thirty-one defendant unit owners. Thereafter, the lawsuit to foreclose the lien was commenced by a writ, summons and complaint dated August 12, 1976, and served upon the developer and unit owners on August 17 and 18, 1976. The complaint seeks to foreclose not only the property remaining in Greenwich Green, Inc., but also the condominium units already conveyed to those defendants who appear in the present appeal.

The defendant unit condominium owners claim the mechanic's lien was invalid as to them due to the plaintiffs' failure to serve "all of the owners of the property sought to be foreclosed . . . as required by" General Statutes § 49-34, as amended by § 1 of Public Acts 1975, No. 75-418, hereinafter referred to as Public Act No. 75-418, and because notice of intention to claim a mechanic's lien was not given "to the owners of the condominium units sought to be foreclosed . . . as required by" General Statutes § 49-35 as amended by § 2 of Public Act No. 75-418.

The parties to this motion have stipulated in part as follows: "The parties knew of the conveyances to the unit owners and knew of their interest in the property at the time they filed their mechanic's lien

on April 2, 1976; and no notice of intention to claim a mechanic's lien nor a true and attested copy of the certificate of mechanic's lien was served upon any of the unit owners."

The plaintiffs allege in the complaint dated August 12, 1976, that, on April 2, 1976, they filed a certificate of mechanic's lien with the town clerk of Greenwich in order to secure the balance due them under the contract. A copy of the certificate of mechanic's lien which it filed, Exhibit B attached to the complaint, claims a lien of $1,200,000. As of April 2, 1976, § 49-34 of the General Statutes, as amended by Public Act No. 75-418,[1] provided that

[1] "[Public Act No. 75-418] AN ACT CONCERNING MECHANIC'S LIENS. Section 1. Section 49-34 of the general statutes is repealed and the following is substituted in lieu thereof:

No such lien shall be valid, unless the person performing such services or furnishing such materials, within sixty days after he has ceased to do so, lodges with the town clerk of the town in which such building, lot or plot of land is situated a certificate in writing, describing the premises, the amount claimed as a lien thereon and the date of the commencement of the performance of services or furnishing of materials, stating that the amount claimed is justly due, as nearly as the same can be ascertained, and subscribed and sworn to by the claimant; which certificate shall be recorded by the town clerk with deeds of land, *and within the same time, but not later than seven days after lodging such certificate, serves a true and attested copy of such certificate upon the owner of such building, lot or plot of land in the same manner as is provided for the service of the notice in section 49-35, as amended by section 2 of this act.* If a party who might have filed such a certificate *and served such copy* dies before filing *and serving* the same, the executor of his will or administrator of his estate may make and lodge such a certificate *and serve such a copy* within three months from the time of qualification of such executor or administrator, provided such certificate shall be lodged *and such copy shall be served* within six months from the decease of the original claimant.

Sec. 2. Section 49-35 of the general statutes is repealed and the following is substituted in lieu thereof:

No person other than the original contractor for the construction, raising, removal or repairing of the building, or the development

no mechanic's lien shall be valid unless the lienor, within sixty days after he ceased work on the premises, lodges with the town clerk a certificate of mechanic's lien and within the same time, or prior to the lodging of the certificate, but not later than seven days after the lodging, "serves a true and attested copy of such certificate upon the *owner* of such building, lot or plot of land in the same manner as is provided for the service of the notice in section 49-35, as amended by section 2 of this act." (Emphasis added.)

---

of any lot, or the site development or subdivision of any plot of land or a subcontractor whose contract with such original contractor is in writing and has been assented to in writing by the other party to such original contract, shall be entitled to claim any such lien, unless, after commencing, and not later than sixty days after ceasing, to furnish materials or render services for such construction, raising, removal or repairing, he gives written notice to the owner of such building, *lot or plot or land* that he has furnished or commenced to furnish materials, or rendered or commenced to render services, and intends to claim a lien therefor on such building, lot or plot of land; which notice shall be served upon such owner, if he resides in the same town in which such building is being erected, raised, removed or repaired or such lot is being improved, or such plot of land is being improved or subdivided, by any indifferent person, by leaving with him or at his usual place of abode a true and attested copy thereof. If such owner does not reside in such town, but has a known agent therein, such notice may be so served upon such agent, otherwise it may be served by any indifferent person, by mailing a true and attested copy of such notice to such owner at the place where he resides. When there are two or more owners, such notice *shall be so served on each owner* [to one of them shall be notice to all]. Such notice, with the return of the person who served it endorsed thereon, shall be returned to the original maker thereof within said period of sixty days. No subcontractor, without a written contract complying with the provisions of this section, and no person who furnishes material or renders services by virtue of a contract with the original contractor or with any subcontractor, shall be required to obtain an agreement with, or the consent of, the owner of the land, as provided in section 49-33, to enable him to claim a lien under this section. . . ."

General Statutes § 49-35[2] provides that "[n]o person other than the original contractor . . . shall be entitled to claim [a mechanic's lien], unless, after commencing, and not later than sixty days after ceasing, . . . [work], he gives written notice to the *owner of such building,* lot or plot or land that he . . . intends to claim a lien . . . which notice shall be served upon such owner . . . . When there are two or more owners, such notice shall be so served on *each owner. . . ."* (Emphasis added.)

It is the plaintiffs' contention that the trial court erred in holding that § 49-34 requires service of a certificate of mechanic's lien not only upon those persons for whom the work was performed, but also upon all persons having an ownership interest in the liened property at the time the lien was filed. They claim, relying upon previous judicial interpretation of the term "owner,"[3] that the plaintiffs,

---

[2] "[General Statutes] Sec. 49-35. NOTICE OF INTENT. LIENS OF SUBCONTRACTORS AND MATERIALMEN. No person other than the original contractor for the construction, raising, removal or repairing of the building, or the development of any lot, or the site development or subdivision of any plot of land or a subcontractor whose contract with such original contractor is in writing and has been assented to in writing by the other party to such original contract, shall be entitled to claim any such lien, unless, after commencing, and not later than sixty days after ceasing, to furnish materials or render services for such construction, raising, removal or repairing, he gives written notice to the owner of such building, lot or plot or land that he has furnished or commenced to furnish materials, or rendered or commenced to render services, and intends to claim a lien therefor on such building, lot or plot of land; which notice shall be served upon such owner, if he resides in the same town in which such building is being erected, raised, removed or repaired or such lot is being improved, or such plot of land is being improved or subdivided, by any indifferent person, by leaving with him or at his usual place of abode a true and attested copy thereof. . . ."

[3] The plaintiffs rely almost exclusively upon *Battistelli* v. *Jacobson,* 13 Conn. Sup. 196, for the proposition that "owner" means one for

as the general contractor and as the holders of an inchoate mechanic's lien, need only serve "the certificate of lien upon the developer, the owner with whom they had contracted for the work," and not upon the "defendant unit owners, subsequent purchasers of individual condominium units." They argue that the legislature did not intend to impose "such a broad service requirement upon mechanics and materialmen at the time they file their lien," and that the legislature's use of the term "owner" should not be expanded but limited in scope to the contracting owner with whom the contract was made.

Before the enactment in 1975 of Public Act No. 75-418, General Statutes § 49-34 did not require the original contractor to serve the owner of the liened premises with a certificate of mechanic's lien; it required only that the certificate be lodged with the appropriate town clerk. Section 49-35 did, however, require *subcontractors* who claim a mechanic's lien to give notice to the owners of property. Although we have studied the history of the mechanic's lien act prior to 1975 as well as interpretations of the meaning of "owner" in § 49-35, and the authorities from other jurisdictions referred to by the plaintiffs; see 57 C.J.S., Mechanics' Lien § 124; we must determine the legislative intent in enacting the 1975 amendment to § 49-34.

Prior to 1975, the original contractor was not required to serve a certificate of mechanic's lien on the owner under the provisions of § 49-34 then in effect. In April, 1975, however, we held in *Roundhouse Construction Corporation* v. *Telesco Masons*

---

whose benefit the work is being done. Since the statement in that case to which the plaintiffs refer was made in the context of a discussion as to the meaning of "consent" under the mechanic's lien statute, however, the plaintiffs' reliance is misplaced.

*Supplies Co.,* 168 Conn. 371, 376–78, 382–84, 362 A.2d 778, vacated, 423 U.S. 809, 96 S. Ct. 20, 46 L. Ed. 2d 29, that the statutory procedure governing mechanic's liens was unconstitutional on due process grounds where, inter alia, (1) the taking of property severely restricted the opportunity and possibility of its alienation; (2) the lienor was not required to post a bond to protect the property owner against damages from an unsupportable lien; (3) the filing and perfection of the lien could be done without judicial supervision; (4) no provision existed for a timely hearing; and (5) under the provision for dissolution of the lien upon substitution of the bond, the judge's only function would be to discover the amount of the apparent claim. On remand, we again held, in an opinion released January 27, 1976, that the judgment, which was affirmed, was based on the due process of law clauses of both the federal and state constitutions, which have the same meaning, i.e., property cannot be taken without procedural due process as guaranteed by the fourteenth amendment to the United States constitution and article first, § 10, of the Connecticut constitution. *Roundhouse Construction Corporation* v. *Telesco Masons Supplies Co.,* 170 Conn. 155, 365 A.2d 393, cert. denied, 429 U.S. 889, 97 S. Ct. 246, 50 L. Ed. 2d 172.

Subsequently, in response to *Roundhouse* the Connecticut legislature adopted Public Act No. 75-418 enacting numerous changes in the mechanic's lien law designed to remedy the prior constitutional infirmities. That public act provides, inter alia, that when a mechanic's lien is recorded upon real estate, the owner may make application for a hearing to be held to determine whether the lien should be discharged or reduced; General Statutes § 49-35a; and

that in order for such a lien to be valid, the lienor must serve a copy of the certificate of mechanic's lien upon the owner. General Statutes § 49-34. The plaintiffs allege that the property sought to be foreclosed had been developed "as a residential condominium development." In such a case, the "Unit Ownership Act" provides, among other things, that "each unit owner shall be entitled to an undivided interest in the common areas and facilities"; General Statutes § 47-74; and § 47-68a (e) and (f) of the act defines such areas to include "all portions of the condominium other than the units," "intended for recreational, social and similar community use by the unit owners." Hence, at the time of conveyance of a condominium unit, each unit owner, along with the developer, Greenwich Green, Inc., became the owner of an undivided interest in the property on which the plaintiffs sought to impose a lien and eventually to foreclose. It is significant that the plaintiffs also allege in the foreclosure complaint that each of the unit condominium defendants against whom they brought suit "claims an interest in the property by virtue of a warranty deed."

Since the 1975 public act with its sweeping changes was designed and intended to protect the constitutional rights of owners, it logically follows that when an individual's property right might be adversely affected and where he has a constitutional prerogative to a timely hearing, such an individual should be provided with a fair and suitable notice of the recording of a mechanic's lien against that property. See *Roundhouse Construction Corporation* v. *Telesco Masons Supplies Co.,* 168 Conn. 371, 384, 362 A.2d 778; cf. *North Georgia Finishing, Inc.* v. *Di-Chem,* 419 U.S. 601, 606, 95 S. Ct. 719, 42 L. Ed. 2d 751.

We interpret "owner" as used in the statutory sections of the act discussed above to include one with an interest such as that of the present defendants, the individual owners of condominium units. It is incongruous to construe "owner" as used in the public act now codified in § 49-35a as including those defendants so that they might have a right to a timely hearing, and at the same time to interpret § 49-34 as excluding those same owners from the notice provisions which were intended to enlarge and expand the assertion of those unit owners' rights under § 49-35a.[4]

We construe "owner" as used in Public Act No. 75-418, § 1, now codified as General Statutes § 49-34, to include the present unit-owning defendants who acquired an ownership interest before the recording of the mechanic's lien.[5]   Accordingly, we find no error in the judgment of the Superior Court.

There is no error.

In this opinion the other judges concurred.

---

[4] The plaintiffs argue that a right to notice does not necessarily follow from the hearing requirement provided in § 49-35a.   Their suggestion that a unit owner's ability to examine land records as well as to observe actual construction on the property is consistent with a legislative intent not to require formal notice procedures, however, lends little strength to their claim.   Where, as here, individual unit owners acquire their interest in the property prior to the filing of a mechanic's lien, an examination of land records as a method of ascertaining the existence of subsequent encumbrances affecting their property is an alternative which ignores the realities of such an arrangement and thus provides little, if any, chance for the acquisition of actual notice.

[5] In view of our disposition of this appeal, we need not address the question raised by the plaintiffs regarding the meaning of "original contractor" as used in Public Act No. 75-418, § 2, codified as General Statutes § 49-35.