[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
PER CURIAM IN RE: APPLICATION FOR DISCHARGE OF MECHANIC'S LIEN
This application for a discharge of a mechanic's lien is brought only by Linda J. Evenski. However, it recites that "the owner of record of such real estate is . . . Robert E. Evenski. . . ." Application for Discharge of Mechanic's Lien 2. As pointed out to us by counsel for the defendant, Surveying Associates, P.C., at the conclusion of the evidentiary hearing on this matter, the order of notice issued by the court failed to give Mr. Evenski, a non-appearing owner, notice of the September 24, 1990 court hearing on this application as required by 48-35a of our statutes.
We are now informed that the parties have "agreed to waive any claim that the Plaintiff's Application for Discharge . . . violated 49-35a . . . because of the failure to serve Robert E. Evenski, husband of the plaintiff with Notice of the CT Page 2447 Application." Plaintiff's Brief dated October 9, 1990 at 1.
Since Mr. Evenski is clearly an owner of record and a non-appearing party, 49-35a mandates that he be given notice of these proceedings. Because this is a statutory proceeding of a remedial nature, there must be "reasonable compliance with the specific provisions of the statutes." J.C. Penney Properties, Inc. v. Peter M. Santella Co., 210 Conn. 511, 514 (1989) (citations omitted). We think that the statutory requirement of notice to Mr. Evenski must be complied with as a necessary prerequisite to a valid hearing and that the parties here are not able to waive that legal mandate of notice. See: Papa v. Greenwich Green, Inc.,177 Conn. 295 (1979) (certificate of lien filing required to all owners).
We decline to entertain the application on this record, but without prejudice to the applicant's rights to continue to seek the discharge.
So ordered.
WILLIAM PATRICK MURRAY A Judge of the Superior Court