[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION TO DISCHARGE MECHANIC'S LIEN
The issue in this case is whether the failure of the defendant to serve a true and attested copy of the mechanic's lien certificate upon plaintiff joint owner renders the lien invalid.
It is found that failure to serve a plaintiff with a copy of the lien certificate is a fatal defect in the statutory procedure pursuant to General Statutes 49-34, and that therefore the lien should be discharged.
By application filed May 27, 1992, the plaintiff Richard and Yvonne Kababik, requested this court to discharge a mechanic's lien CT Page 8386 placed by Hydraulic Repair Company, Inc. on property owned by the plaintiffs and described in Schedule A of the application. Plaintiffs filed a memorandum in support of their application for discharge, dated June 22, 1992, wherein plaintiffs assert that the lien is legally insufficient because Yvonne Kababik, a joint owner of the subject premises, was not served with a copy of the lien certification as required pursuant to General Statutes 49-34.
General Statutes 49-34 provides that a mechanic's lien is not valid unless a true and attested copy of the certificate is served upon the "owner of the building, lot or plot of land in the same manner as it provided for the service of the notice in 49-35." (Emphasis added). Id.
General Statutes 49-35 provides that:
 [N]o person other than the original contractor . . . is entitled to claim any such mechanic's lien, unless, after commencing, and not later than ninety days after ceasing . . . [work], he gives written notice to the owner of the building, lot or plot of land . . . that he . . . intends to claim a lien. . . . The notice shall be served upon the owner. . . . When there are two or more owners, . . ., the notice shall be served on each owner. . . . (Emphasis added).
Id.
In Papa v. Greenwich Green, Inc., 177 Conn. 295, 416 A.2d 1196
(1979), the supreme court upheld the granting of an application to discharge a mechanic's lien as to the individual condominium unit owners based on the failure to serve the certificate lien on all of the owners as required by General Statutes 49-34. In rejecting plaintiff's argument that the legislature's use of the term "owner" should be limited in scope to the contracting owner with whom the contract was made, the court broadly construed said term to include the individual condominium unit owners who had acquired an ownership interest prior to the recording of the mechanic's lien, as well as the developer. Papa v. Greenwich Green, supra, 303.
 Before the enactment in 1975 of Public Act No. 75-418, General Statutes 49-34 did not require the original contractor to serve the owner of the liened premises with a certificate of mechanic's lien; it required only that the certificate be lodged with the appropriate town clerk. Section 49-35 did, however, require subcontractors who claim a mechanic's lien to give notice to the owners of property. . . . In April, 1975, however, we held in Roundhouse Construction Corporation v. Telesco Masons Supplies Co., 168 Conn. 371, 376-78, 382-84, 362 A.2d 778, vacated, 423 U.S. 809, 96 S.Ct. 20, 46 L.Ed.2d CT Page 8387 29, that the statutory procedure governing mechanic's liens was unconstitutional on due process grounds. . . .
 Subsequently, in response to Roundhouse the Connecticut legislature adopted Public Act No. 75-418 enacting numerous changes in the mechanic's lien law designed to remedy the prior constitutional infirmities. That public act provides, inter alia, that when a mechanic's lien is recorded upon real estate, the owner may make application for a hearing to be held to determine whether the lien should be discharged or reduced; General Statutes 49-35a; and that in order for such a lien to be valid, the lienor must serve a copy of the certificate of mechanic's lien upon the owner. General Statutes 49-34.
Papa v. Greenwich Green, supra, 300.
The court further stated that:
 Since the 1975 public act with its sweeping changes was designed and intended to protect the constitutional rights of owners, it logically follows that when an individual's property right might be adversely affected and whether he has a constitutional prerogative to a timely hearing, such an individual should be provided with a fair and suitable notice of the recording of the mechanic's lien against that property. See Roundhouse Construction Corporation v. Telesco Masons Supplies Co., 168 Conn. 371, 384, 362 A.2d 778; cf. North Georgia Finishing, Inc. v. Di-Chem, 419 U.S. 601, 606, 95 S.Ct. 719, 42 L.Ed.2d 751.
Papa v. Greenwich Green, supra, 302.
In their memorandum in support of their application to discharge the mechanic's lien, plaintiffs argue that Yvonne Kababik, as a joint record owner of the subject property, is an "owner" within the meaning of General Statutes 49-34. Plaintiffs argue further that the failure to serve an owner with a true and attested copy of the mechanic's lien certificate is a fatal defect to the validity of the mechanic's lien.
It is noted that, just as the Papa court found that each condominium unit owner held an undivided interest in the property at the time of conveyance, the plaintiff here, is a joint owner of an undivided interest in the property on which the defendant seeks to impose a lien, and as such she should be provided with a notice of the recording of a lien against her property. See General Statutes 49-34; Roundhouse Construction Corporation v. Telesco Masons Supplies Co., supra. CT Page 8388
The plaintiff's application to discharge is granted.
William J. McGrath, Judge