[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action to foreclose a mechanic's lien, defendants David J. Shaw and Fleet Real Estate Funding Corp., successor to Banc New England Mortgage Corporation, move to discharge the lien.
The facts, as stipulated by the parties, are as follows: Plaintiff furnished materials and rendered services to condominium unit R501 to Bushnell Towers in Hartford, at the request of Schwartz Ginsburg Bushnell Partners and in accordance with a contract with Bushnell on the Park Condominiums, commencing June 27, 1990 and ending August 7, 1990. On August 1, 1990 Schwartz Ginsburg conveyed the unit to David J. Shaw and John H. Wentworth as joint tenants. On October 19, 1990 plaintiff filed a mechanic's lien in the Hartford land records, directed against Shaw only, claiming $8942.47, and on October 23, 1990 had served on Shaw only a notice of the lien and the certificate of lien at the Bushnell condominium unit. At the time of service Wentworth was also living in the unit.
The parties further stipulated plaintiff rendered the services and furnished the materials, and probable cause exists that plaintiff would recover.
Plaintiff commenced this foreclosure action against defendant Shaw only and does not proceed against Wentworth's interest in the property.
Defendant moves to discharge on the ground that plaintiff served the notice of and the certificate of lien only on Shaw, when both Shaw and Wentworth owned the condominium and Conn. Gen. Stats. 49-35(a) requires that when there are two or more owners, all of them must be served.
Section 49-35(a) provides: "No person other than the original contractor for the construction . . . of the building, . . . or a subcontractor whose contract with the original contractor is in writing and has been assented to in writing by the other party to the original contract is entitled to claim any such mechanic's lien, unless . . . he gives written notice to the owner of the building . . . and to the original contractor." (underlining added).
It further provides: "When there are two or more owners, or two or more original contractors, the notice shall be served on each owner and on each contractor."
The short answer to defendant's motion is that the defendants have not established that 49-35(a) applies because they have not shown that plaintiff is "other than" the original contractor on the job or "other than" a subcontractor whose contract with the original contractor is in CT Page 11141 writing. From the pleadings it appears that plaintiff did the work under an agreement with the owner as an original contractor. Since defendants have the burden of sustaining the grounds for their motion, the court finds they have failed to do so.
The longer answer involves dealing with the issue whether, when property is jointly owned by two owners, a foreclosure of mechanic's lien can be instituted against the interest of one owner by serving the notice and certificate of lien only on the owner.
Roundhouse Construction Corp. v. Telesco Mason's Supply, Inc.,168 Conn. 371, vacated, 423 U.S. 809 (1975), on remand, 170 Conn. 155, cert. den. 429 U.S. 889 1976), holds that constitutional due process requires notice and a prompt hearing must be accorded persons affected by mechanic's liens. Section 39-34, one of the legislative responses to that decision, requires the mechanic's lien certificate to be served on the owner and 39-35, as noted above, requires it be served on each of several owners. Papa v. Greenwich Green, Inc., 177 Conn. 295 (1979) holds it is not sufficient to serve the past owner at the time the work was done, but service must be on the present owner at the time the lien is filed. Papa does not deal with the matter of joint ownership here at issue.
The purpose of notice is to give the owner affected by the lien the opportunity to initiate a proceeding to contest the lien and seek its discharge under 49-35a.
Shaw and Wentworth are joint tenants, each having an undivided ownership interest in the property. The interest of each, although indivisible, is also individual. If either becomes a debtor, his interest can be attached and realized upon by a creditor.
Here, plaintiff is not seeking to foreclose the interest of both Shaw and Wentworth but only of Shaw. Wentworth has not appeared and his interest cannot be affected. As a result, this court concludes that service of the certificate of lien in Shaw is sufficient under 49-34. Moreover, the language in 49-35 that when there are two or more owners, notice of the lien shall be served on each owner means on each owner whose interest is affected by the lien. If it were to mean that although the lien is being enforced against only one joint owner, both owners must be served, the requirement would "fail to attain a rational and sensible result that bears directly on the purpose the legislature sought to achieve." Turner v. Turner, 219 Conn. 703, 713 (1991). To the extent that Kababik v. Hydraulic Repair Company, Inc., 7 Conn. L. Rptr. No. 10,280 (Sept. 28, 1992) holds other wise, this court declines to follow that decision. CT Page 11142
The motion to discharge is denied.