[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO RECONSIDER COURT'S DECISION DENYING DEFENDANTS' MOTION TO DISCHARGE PLAINTIFF'S MECHANIC'S LIEN
Defendants, Fleet Real Estate Funding Corp. and David J. Shaw, move this court to reconsider its decision of November 2, 1992 denying these defendants' motion to discharge plaintiff's mechanic's lien. This court grants defendants' motion to reconsider and on reconsideration, withdraws its prior decision and grants defendants' motion to discharge.
The pertinent facts are: plaintiff furnished materials and services to a condominium in Bushnell Towers, Hartford, at the request of the then owners of Bushnell Towers, commencing June 20, 1990 and ending August 7, 1990. The condominium was transferred to David J. Shaw and John H. Wentworth as joint tenants with right of survivorship, on August 1, 1990. Plaintiff timely filed a mechanic's lien in the amount of $8,942.47 on Hartford land records directed against Shaw only and timely served Shaw only with notice of the lien and the certificate of CT Page 3638 lien. Plaintiff commenced the foreclosure action against Shaw only and does not proceed against Wentworth's interest in the property. Defendant Fleet Real Estate Funding Corp. (herein Fleet) is alleged to be a subsequent encumbrancer.
Defendants' move to discharge the lien on the ground that Gen. Stat. 49-35(a) requires that when there are two or more owners, all of them must be served.
This court, in its decision of November 2, 1992, denied defendants' motion to discharge on two bases: (1) defendants invoked 49-35(a) which the court determined did not apply because by its express wording it relates only to subcontractors, and the plaintiff, here, is an original contractor; and (2) the court interpreted 49-35(a), requiring all owners of property to be served, to mean all owners whose interest were affected by the lien and did not bar the foreclosure of the lien on the interest of Shaw who was served with the requisite notices.
On reconsideration, the court acknowledges its misreading of the relevant statutes. While 49-35(a), invoked by defendants, applies only to subcontractors, 49-34, which applies to general contractors, incorporates by reference the service of notice requirements of 49-35(a). Accordingly, the provision in 49-35(a) that when there are two or more owners, "notice shall be served on each owner" is apposite.
In its decision of November 2, 1992, this court construed that provision, as it applied to this case, in light of the language in Papa v. Greenwich Green, Inc., 177 Conn. 295, 302
(1979). That cased noted that since the 1975 public act changing the mechanic's lien law, after it was declared unconstitutional by the United States Supreme Court in Roundhouse Construction Corp. v. Talesco Masons Supplies Co., 423 U.S. 809 (1975), "was designed and intended to protect the constitutional rights of owners, it logically follows that when an individual's property rights might be adversely affected . . ., such an individual should be provided with a fair and suitable notice of the recording of the mechanic's lien against that property." (Emphasis added) This court reasoned that because the mechanic's lien was not operative against Wentworth, the joint owner, and his interest was not here being foreclosed upon, his interest was not "adversely affected," and the notice requirement of 49-35(a) did not defeat plaintiff's mechanic's lien. CT Page 3639
In this motion to reconsider, defendants argue that Wentworth's rights are infringed because Shaw and Wentworth are joint owners, with a right of survivorship, and the foreclosure of Shaw's interest terminates Wentworth's contingent survivorship interest. That may be so, but the claim is one for Wentworth to assert. The defendants have no standing to raise the constitutional infirmity of lack of notice to Wentworth when that failure does not deny them any constitutional right. State v. Williams, 206 Conn. 203, 211 (1988); University of Connecticut Chapter AAUP v. Governor, 200 Conn. 386, 389 (1986)].
The essence of defendants' argument is: (1) 49-35a requires notice of a lien be served on all owners; (2) mechanic's lien law being a statutory remedy, all statutory requirements must be complied with in order for the claim to be perfected, H S Torrington Associates v. Lutz Engineering Co., 185 Conn. 549, 553
(1981); (3) therefore, plaintiff's failure to serve both joint owners defeats the lien.
While this syllogism is logically valid, mechanical compliance with a statute for its own sake should not be required when, as here, the property interest of the joint owner served is the only one affected by the foreclosure of the mechanic's lien. Such a construction of the statute runs counter to the rule that the "mechanics lien law should be liberally construed so as to reasonably and fairly implement its remedial intent." H S Torrington Associates v. Lutz Engineering Co., supra, at 553.
However, this court, on reflection, concludes that requiring that all owners of property subject to the mechanic's lien be served is not mere mechanical compliance with the statute but in this case furthers an important purpose. That purpose is not the one asserted by these defendants namely, to protect the due process rights of the unserved joint owner, which these defendants have no standing to assert. Rather, the purpose is to protect the redemption rights of subsequent encumbrancers of which defendant Fleet Real Estate Funding Corp. is one. If, as here, all owners of the property subject to the lien are not notified and made parties in the foreclosure proceedings, a subsequent encumbrancer, redeeming in order to protect his encumbrance from being foreclosed, would have to pay the full amount of the mechanic's lien and succeed to only the partial property interest of the joint owner served. This is unfair. The subsequent encumbrancer should not face a Hobson's choice: refuse CT Page 3640 to pay the full judgment debt of the mechanic's lien, be foreclosed and lose the value of his encumbrance; pay the full judgment debt and acquire only a fractional interest in the property.
The statutory requirement that all owners of property subject to the mechanic's lien be served corrects this unfair result by assuring the redeeming subsequent encumbrancer gets full title to the entire interest in the property. Fleet, as a subsequent encumbrancer here, has the standing to assert this claim.
The situation here where a mechanic's lien is sought to be foreclosed against only one joint owner of the property is not the same as where a foreclosing mortgagee fails to serve a subsequent mortgagee. In the latter situation, a subsequent redeeming encumbrancer takes subject to the rights of the unserved holder of the mortgage ahead of him. But the redeemer is not harmed because that mortgage has priority over him anyway. Here, however, the redeemer would have to pay the full amount of the mechanic's lien and succeed to only the fractional interest of the joint owner served.
As a consequence, plaintiff's failure to serve notice on all owners, as required by 49-35(a), is a fatal defect to its mechanic's lien.
Accordingly, on reconsideration, this court withdraws its decision of November 2, 1992 and concludes that defendants' motion to discharge plaintiff's lien is granted.