[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Tamarack Village Associates (hereafter "Tamarack"), a Connecticut Limited Partnership, developed a condominium complex known as Gaslight Village, located in Danbury. L. C. Castleman (hereafter "Castleman") was hired by the plaintiff to act as the general contractor during construction, and Castleman hired Luke F. Sweeney, Inc. (hereafter "Sweeney") to perform certain site work.
On or about March 15, 1991, Sweeney filed a mechanic's lien against certain portions of the real estate known as Gaslight Village and gave notice thereof. However, prior to March 15, 1991, Tamarack had sold twelve condominium units and the common interests associated therewith to various owners who were not served with either the notice of intent to a lien or the lien itself.
On December 9, 1992, Tamarack filed an amended application for discharge or reduction of a mechanic's lien asserting, inter alia, (1) that Sweeney failed to serve a true and attested copy of the certificate of mechanic's lien upon all owners, in violation of Sec. 49-34 of the General Statutes; (2) that Sweeney failed to give written notice to all owners that it furnished or commenced to furnish materials or rendered or commenced to render services, and that it intended to claim a lien in violation of Sec. 49-35; and (3) that Sweeney has been fully paid for the services it rendered.
The right to place a mechanic's lien on real estate for a claim in excess of ten ($10.00) dollars for material furnished or services rendered in the construction of a building or in the improvement of a lot is established by Sec. 49-33 of the General Statutes. Because the mechanic's lien is a creature of statute, a lienor must comply with statutory requirements in order to perfect his claim. Section 49-34(2) provides that anyone claiming a mechanic's lien must serve a true and attested copy of the written lien certificate upon the owner within the same time, or prior to CT Page 9248 the lodging of the certificate, but not later than thirty (30) days after lodging the certificate. This notice requirement was intended to protect the due process rights of property owners who would not otherwise have actual notice of the recorded lien. HS Torrington Associates v. Lutz Engineering Co., 185 Conn. 549, 553-54. The statutory requirement of notice must be complied with and the parties cannot waive it. Evenski v. Surveying Assoc., P.C.,2 Conn. L. Rptr. 611 (October 18, 1990, Murray, J.).
In Papa v. Greenwich Green, Inc., 177 Conn. 295, 296, the plaintiffs, a three member partnership acting as a general contractor, attempted to foreclose a mechanic's lien on property on which they constructed sixty-three (63) condominium units pursuant to a contract entered into with the defendant developer. The total contract price was alleged to have been two million two hundred thousand ($2,200,000.00) dollars. The plaintiffs, upon completion of construction, filed a certificate of mechanic's lien with the Town of Greenwich, while at the same time serving a copy of the certificate upon the developer. However, no service of the certificate was made upon thirty-one (31) unit owners. The plaintiffs' complaint sought to foreclose not only the property remaining in the defendant, but those units already conveyed to the thirty-one (31) unit owners. The condominium owners resisted this hypothesis as, they argued, the mechanic's lien was invalid as to them due to the plaintiff's failure to serve all of the owners of the property sought to be foreclosed as required by Sec. 49-34, and because notice of intention to claim a mechanic's lien was not given to the owners of the condominium units sought to be foreclosed as mandated under Sec. 49-35.
In Papa, the plaintiffs contended that the trial court erred in holding that Sec. 49-34 required service of a certificate of mechanic's lien on persons for whom work was performed and all persons having an ownership interest in the liened property at the time the lien was filed. The court, citing the "Unit Ownership Act" which provides, inter alia, that each unit owner shall be entitled to an undivided interest in the common areas and facilities, found the plaintiffs' contention unpersuasive, and held that "owner" as used in Sec. 49-34 includes the present unit owning defendants who acquired an ownership interest before the recording of the mechanic's lien. Papa v. Greenwich Green, CT Page 9249 supra, 299-303. See also Kababik v. Hydraulic Repair Co.,7 CSCR 1083 (September 3, 1992, McGrath, J.) (citing Papa, supra, a joint owner in property is like a condominium unit owner, the joint owner holds an undivided interest in the property at the time of the conveyance and is entitled to notice of the recording of a lien against the property).
In its memorandum in support of its application to discharge the mechanic's lien, Tamarack initially argued that because Sweeney failed to serve all owners whose property rights were affected by its mechanic's lien as required by Sec. 49-34, that its mechanic's lien was invalid and should be ordered discharged. In opposition, Sweeney contends that because it is not seeking to foreclose the interests of condominium owners who acquired title from Tamarack prior to the filing of its mechanic's lien, but seeks only to foreclose Tamarack's interest, that it had no obligation to give notice to those owners. The defendant cites as its authority Diversified Floors, Inc. v. David J. Shaw, et al.,7 Conn. L. Rptr. 573 (December 14, 1992, Satter, J.), which held that a certificate of a mechanic's lien filed against property that is jointly owned may be served under Sec. 49-35
only on the owner against whom the claim is being asserted. (Emphasis added.) The court in Diversified Floors, acknowledged the holding in Papa, but distinguished it on the basis that Papa did not deal with the matter of joint ownership there at issue.[1] The holding in Diversified does not deal with the matter of condominium unit owners who hold an undivided interest in the common areas and facilities of a condominium complex. Therefore, this court is satisfied that Diversified is inapplicable to the present action.
In this proceeding, Sweeney filed its mechanic's lien after Tamarack sold twelve (12) units, and the common interests associated with those units. These unit owners held an undivided interest in the common areas and facilities of the condominium complex. The intent of the notice requirement as contained in Sec. 49-34(2) is to protect the due process rights of these property owners who would not Kababik, but stated only that it declined to follow that decision. have otherwise had actual notice of the recorded lien. See HS Torrington Associates v. Lutz Engineering Co., supra.
Sweeney's compassionate attempt to only foreclose the interest of Tamarack, so as not to create upheaval on the CT Page 9250 lives of the other unit owners, does not go unnoticed or unrespected by the court. However, the foregoing, and the analysis as provided in Papa, leaves the court no alternative but to grant the application for discharge of Sweeney's lien. Accordingly, it is so ordered.