[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an application to discharge a mechanic's lien, which application is made under the provisions of G.S. § 49-35a. General Statutes § 49-35b(a) places the burden, initially, on the lienor, Wesco Distribution, Inc. (Wesco), to establish probable cause to sustain the placement of the lien Once the lienor demonstrates probable cause, that statutory subsection shifts the burden of proof to the applicant to demonstrate the invalidity of the lien by clear and convincing evidence.
In this case the applicant, The Big Y Trust, has conceded probable cause to believe that Wesco furnished materials and/or services in the construction and repair of the building on the applicant's land in Danielson with the applicant's consent and for the applicant's benefit. The applicant contends, however, that Wesco failed to comply with the statutory procedures required to perfect a mechanic's lien. Specifically, the CT Page 14084 applicant asserts that Wesco never gave it written notice of intent to claim a lien, as mandated by G.S. § 49-35(a), and never served the applicant with a copy of the certificate of lien, as mandated by G.S. § 49-34.
Neither party introduced testimony at the hearing held by the court. The only evidence submitted is a copy of the certificate of mechanic's lien; a copy of the notice of intent to claim a mechanic's lien; and a copy of a warranty deed, executed November 4, 1994, and recorded in the Killingly land records on November 10, 1994, at Volume 617, page 24.
The controversy stems from the discrepancy between the name of the grantees in the deed and the name of the landowner as described in the certificate and notice The certificate and notice denote "Big Y Supermarkets" of Springfield, Mass., as the property owner while the deed lists as grantees the three trustees of "The Big Y Trust"of Springfield, Mass. These trustees are Gerald, Donald, and Charles D'Amour.
The applicant argues that because the notice and certificate were not directed to The Big Y Trust, Wesco has failed to satisfy §§ 49-34 and 49-35(a), invalidating the mechanic's lien. Wesco counters that the similarity of the names "Big Y Supermarkets" and "The Big Y Trust" and the specific reference to the warranty deed transferring ownership of the fee to the trustees of The Big Y Trust at p. 2 of the certificate meet the requirements of §§ 49-34 and 49-35(a) The court agrees with the respondent Wesco.
In order for a mechanic's lien to be effective against a party having an ownership interest in the land to be encumbered, the lienor must serve that party with a true copy of the lien certificate and must give notice of intent to file such a lien,Papa v. Greenwich Green Inc., 177 Conn. 295, 302 (1979). The court finds that the notice and service of the certificate in this case was sufficient to validate the mechanic's lien with respect to the Big Y Trust. The discrepancy in names appears to be merely a misnomer. No proof was adduced that the Big Y Trust was misled or confused by the error. The express reference in the certificate to the warranty deed adequately apprised The Big Y Trust that Wesco was encumbering the real property conveyed to its trustees by virtue of that deed. Also, the trust ought to have been aware, because of that reference in the certificate, that Wesco employed the name "Big Y Supermarkets" when referring CT Page 14085 to the owner of the property described in that deed.
In Design Professionals v Sammartino, Superior Court, Tolland J.D., d.n. 47234 11 Conn. L. Rptr. 99 (February 24, 1994), Judge Klaczak ruled that service upon "Eugene Sammartino" instead of "Eugene Sammartino, Trustee" was sufficient to validate the mechanic's lien against the trust under § 49-34. Similarly, in McDonald/Sharpe andAssoc. v. Lewis Assoc., Superior Court, Middlesex J.D., d.n. 59790 (November 10, 1992), Judge Higgins held that listing the owner as "Lewis Associates, Inc." rather than the correct name of "Lewis Associates I" amounted to a scrivener's error insufficient to defeat the mechanic's lien. In J.C. Penney, Inc. v. Peter M.Santella Co., 210 Conn. 511, 515 (1989), our Supreme Court recognized that Connecticut courts "have been liberal in validating liens despite claimed errors on the face of the lien certificate where the mistake was made in good faith and no resulting prejudice was claimed."
The court finds that the applicant has failed to meet its burden of proving by clear and convincing evidence that the misnomer by Wesco was the result of bad faith or prejudiced the Big Y Trust. Consequently, the application for discharge of the mechanic's lien is denied.
SFERRAZZA, J.