DENT & PFLUGNER, P.A. *v.* GEORGE N. KALIVAS ET AL.

(4406)

BORDEN, SPALLONE and BIELUCH, Js.

Argued May 8—decision released August 12, 1986

*Kenneth E. Taylor,* with whom, on the brief, was *Robert J. Guendelsberger,* for the appellant (plaintiff).

*Thomas F. McDermott, Jr.,* with whom, on the brief, was *Bette L. Paul,* for the appellee (defendant Demosthenes Kalivas).

BIELUCH, J. This appeal presents the sole issue of whether a certified copy of a judgment, which is later recorded on the land records of the town where the affected real estate is situated, is sufficient to constitute the recording of a certificate of judgment lien pursuant to General Statutes (Rev. to 1983) § 49-44.[1] We conclude that a certified copy of a judgment is not sufficient for the purpose of recording a judgment lien under the statute.

The facts are not in dispute. On June 24, 1981, a notice of lis pendens was recorded by the plaintiff on the land records of the town of New Milford against real property then owned by Geneva E. Kalivas, but formerly in the ownership of George N. Kalivas. The notice of lis pendens informed of the pendency of an

---

[1] General Statutes (Rev. to 1983) § 49-44 has since been repealed and replaced by General Statutes § 52-380a. Public Acts 1983, No. 83-581, §§ 14, 39, 40.

action to set aside a prior transfer of the real estate from George N. Kalivas to Geneva E. Kalivas and to recover damages from George N. Kalivas. Subsequently, there were recorded two transfers of the realty between members of the Kalivas family. On June 21, 1982, the plaintiff obtained a judgment in the Superior Court for the judicial district of Litchfield awarding it some $7000, and setting aside and declaring null and void the previous conveyance of the property from George N. Kalivas to Geneva E. Kalivas, dated January 31, 1980, and recorded in the New Milford Land Records on February 1, 1980, in volume 280, page 2. On August 5, 1982, a copy of this judgment, certified by the clerk of the Superior Court on July 7, 1982, was recorded in the land records of New Milford in volume 299, page 286. Two additional transfers within the Kalivas family took place before the foreclosure action commenced, the last being a warranty deed from James N. Kalivas to Demosthenes Kalivas, dated April 12, 1983, and recorded in the land records on April 15, 1983. By writ, summons and complaint dated July 5, 1983, the plaintiff commenced an action to foreclose the "judgment lien" recorded on August 5, 1982, in volume 299, page 286. On the same day, the plaintiff caused to be recorded in volume 307, page 1078, of the land records a lis pendens notice for the foreclosure of "a certain Judgment Lien against property owned by George Kalivas, and/or Geneva E. Kalivas and/or Demosthenes Kalivas . . . dated July 7, 1983 [sic] and recorded in the Town of New Milford Land Records in Vol. 299 Page 286."

The defendant Demosthenes Kalivas, the record owner of the property, moved in the trial court for a summary judgment in the foreclosure action for failure of the plaintiff to record a certificate of judgment lien on the land records. The motion was granted and summary judgment was rendered by the court. In its

memorandum of decision, the court concluded that a copy of the plaintiff's judgment did not satisfy the provisions of General Statutes (Rev. to 1983) § 49-44 requiring the recordation of a certificate of judgment lien substantially in the statutory form, specifying the relevant information and "signed by the judgment creditor, his attorney or personal representative." The plaintiff maintains on appeal that the trial court erred because the certified copy of the judgment which was recorded on the land records allegedly met the requirements of § 49-44. We disagree with this claim.

The certificate of judgment lien required to be recorded by § 49-44 must be "substantially" in the form of the certificate exemplified in that section.[2] The information which must be contained in the certificate is: (1) the name of the party in whose favor the judgment was rendered; (2) the name of the party against whom the judgment was rendered; (3) the amount of damages awarded by the judgment with costs; (4) the amount of the judgment remaining unpaid; (5) a declaration that to secure the amount still due, and lawful interest thereon, a judgment lien in favor of the creditor is thereby placed on the real estate described; and (6) a description of the liened property. Additionally, the cer-

---

[2] General Statutes (Rev. to 1983) § 49-44 provided in relevant part: "Any suitor having an unsatisfied judgment . . . may cause to be recorded, in the town clerk's office in the town where the land lies, a certificate signed by the judgment creditor, his attorney or personal representative, substantially in the form following:

"This is to certify that A.B., of . . . , . . . on the . . . day of . . . , 19 . . , in the . . . court holden at . . . , in the judicial district of . . . , (or in the United States . . . court) did obtain a judgment in his favor, against C.D., of . . . , . . . for the sum of . . . dollars damages, and . . . dollars costs of suit, which judgment remains wholly unsatisfied (or, on which judgment the sum of . . . dollars is still due); and to secure said sums, and the lawful interest thereon, a judgment lien in favor of said A.B. is hereby placed upon the following-described real estate of the said C.D., situate in the town of . . . , judicial district of . . . , to wit: (description); pursuant to the statute in such case made and provided. Dated at . . . this . . . day of . . . , 19 . . .
[signed] A.B."

tificate must be "signed by the judgment creditor, his attorney or personal representative." Although § 49-44 speaks of substantial compliance with the prescribed form for a certificate of judgment lien, substantial compliance with the informational requirements contained therein may also be sufficient. Just as with a mechanic's lien, a judgment lien is "a creature of statute, [and] a lienor must comply with statutory requirements in order to perfect his claim." *H & S Torrington Associates* v. *Lutz Engineering Co.*, 185 Conn. 549, 553, 441 A.2d 171 (1981). Nonetheless, substantial compliance with those requirements will also suffice. Id., 556.

The copy of the judgment file signed and certified by the court clerk which the plaintiff recorded on the land records in this case does not substantially comply with the form and informational requirements of § 49-44 and was not signed by the judgment creditor, his attorney or personal representative, parties who would be presumed to know the specific and updated debt information called for by the statute for a proper certificate of judgment lien. The judgment file recorded by the plaintiff by necessity contains only the data of the judgment as of the date of its rendition. It is a copy of the court record of judgment, and not a copy of the business record of the judgment creditor containing the statutory information necessary for a valid certificate of judgment lien, and lacks the authenticating signature required by the statute.

Under the circumstances of this case, the court was correct in concluding that a certified copy of the judgment file recorded on the land records did not satisfy the requirements of General Statutes (Rev. to 1983) § 49-44 and in rendering summary judgment for the property owner.

There is no error.

In this opinion the other judges concurred.