[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISSOLVE ATTACHMENT
On August 27, 1993, the defendant, Northwest Lumber Hardware Inc., filed a mechanic's lien on real estate owned by the plaintiffs, Joseph and Amanda Brochu. The lien is in the amount of $6,700.78 and is placed on the plaintiffs' home at Neidt Road in Harwinton for supplies and materials furnished to the plaintiffs for improvements on the subject premises.
The plaintiffs have filed a motion to dissolve the lien on the ground that it fails to comply with the statutory requirements of General Statutes 49-34. In support of the motion to dissolve, the plaintiffs have filed a memorandum of law. The defendant has not opposed the motion.
"The purpose of the mechanic's lien is to give one who furnishes materials or services `the security of the building and land for the payment of his claim by making such a claim a lien thereon. . .'" (Citations omitted.) J.C. Penney Properties, Inc. v. Peter M. Santella Co., 210 Conn. 511, 514, 555 A.2d 990 (1989). Generally, the provisions of mechanic's lien law should be liberally construed so as to reasonably and fairly implement its remedial intent. H S Torrington Associates v. Lutz Engineering,185 Conn. 549, 553, 441 A.2d 171 (1981). However, "[b]ecause the mechanic's lien is a creature of statute, a lienor must comply with CT Page 2570 the statutory requirements in order to perfect his claim." Id.; see also Dent Pflugner, P.A. v. Kalivas, 8 Conn. App. 512, 516,513 A.2d 198 (1986).
The statute governing the enforcement of mechanic's liens provides, in pertinent part, that:
A mechanic's lien is not valid, unless the person performing the services or furnishing the materials (1) . . . lodges with the town clerk . . . a certificate in writing . . . (A) describing the premises, the amount claimed as a lien thereon, the name or names of the person against whom the lien is being filed and the date of the commencement of the performance of services or furnishing of materials, (B) stating that the amount claimed is justly due, as nearly as the same can be ascertained, and (C) subscribed and sworn to by the claimant . . .
(Emphasis added.) General Statutes 49-34.
The defendant's lien states that "[t]his lien is for supplies and materials furnished for improvements on said premises through June 14, 1993 . . ." This is the only date mentioned. The defendant has failed to include the date of the commencement of its services. General Statutes 49-34 (1)(A). Furthermore the lien is sworn to and signed by the defendant's attorney, Jo E. Friday, not the lienor itself. General Statutes 49-34 (1)(C).
For the foregoing reasons, the defendant has failed to comply with the statutory requirements of General Statutes 49-34. Accordingly, the plaintiffs' motion to dissolve the mechanic's lien is granted.
PICKETT, J. CT Page 2571