In re John J. DePASTINO, Debtor.

Neal OSSEN, Trustee, Plaintiff,

v.

Valerie DePASTINO, Defendant.

Bankruptcy No. 93–24224.
Adversary No. 96–2253.

United States Bankruptcy Court,
D. Connecticut.

June 12, 1997.

---

Neal Ossen, Ossen & Murphy, Hartford, CT, for Trustee–Plaintiff.

Jason E. Pearl, New Britain, CT, for Defendant.

### MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

#### ISSUE

For determination in this adversary proceeding is whether a recorded document entitled "Caveat" represents a valid encumbrance on property of the debtor's estate. This issue has been presented in a motion for summary judgment filed by Neal Ossen, the plaintiff and Chapter 7 trustee of the debtor's estate ("the trustee"). The parties are in agreement that there are no genuine issues of material fact in dispute.

### II.

#### BACKGROUND

John J. DePastino ("the debtor") filed a Chapter 7 petition on November 9, 1993.

He and Valerie S. DePastino, the defendant, on October 8, 1991, had entered into a "Property and Settlement Agreement" ("the agreement") while parties to a marriage dissolution action pending in the Connecticut Superior Court. Article III, entitled "Property Division", of the agreement provided in section B that the defendant "shall transfer all her right, title and interest in the six (6) acres of land in Southington, Connecticut ['the property'] ... in consideration for which the [debtor] shall pay to the [defendant] upon sale and closing of said land the sum of $40,000 free of any tax and costs." *Agreement* at 4.

The Superior Court, on October 8, 1991, entered a judgment which dissolved the marriage and also "incorporated by reference [the agreement] in this judgment." *Judgment* at 3. The defendant, on April 10, 1992, transferred her one-half interest in the property by quitclaim deed to the debtor. In addition to the quitclaim deed, the debtor and the defendant recorded the following document:

#### CAVEAT

To All Persons To Whom This May Come: Be It Known that pursuant to a Judgment in *DePastino vs. DePastino*, Docket No. FA–90–0438670 S, Superior Court Judicial District of Hartford/New Britain at New Britain, dated October 8, 1991 the Defendant, Valerie S. DePastino, is entitled to payment of certain sums from the sale of certain real estate conveyed by her this date to the Plaintiff, John J. DePastino. In order to comply with said Judgment, said John J. DePastino does grant to said Valerie S. DePastino a lien against lots proposed to be sub-divided from said real estate, described in Exhibit A [1] hereto, which lots will be released from this caveat by agreement of the parties but until so released, this caveat shall constitute a lien prior in right to title of any purchaser from said John J. DePastino of

---

**1.** Exhibit A, containing a description of the property, was attached to and recorded with the caveat.

any portion of those premises described in Exhibit A.

Dated at New Britain, Connecticut, this 11th day of April, 1992.

> Valerie S. DePastino
>
> BY S/ _____
>> Jason E. Pearl
>> Her Attorney
>
> John J. DePastino
>
> BY S/ _____
>> James Wu
>> His Attorney

The trustee, on June 26, 1996, after notice and hearing, sold the property to a third person for $85,000, with the caveat, by consent, to attach to the proceeds pending a determination by the court of its validity as a perfected encumbrance.

The trustee contends the caveat complies with no Connecticut statute providing for the establishing of secured claims on realty and does not otherwise represent a valid encumbrance entitling the defendant to $40,000 of the sale proceeds. The defendant argues that the intent of the parties is clear from the caveat that it "constitute[s] a lien prior in right to title of any purchaser from [the debtor]" and that the court should find the caveat to be an equitable mortgage and a valid encumbrance. *Defendant's Brief* at 4.

**2.** Section 544(a) provides:

> (a) The trustee shall have, as of the commencement of the case, and with regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
>> (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or
>> (3) a bona fide purchaser of real property other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a

III.

## DISCUSSION

A bankruptcy trustee, under 11 U.S.C. § 544(a),[2] has the rights of a lien creditor and bona fide purchaser of real property and can avoid any liens voidable by such parties, including unperfected security interests. The extent of the trustee's rights are determined by state law. *Robinson v. Howard Bank (In re Kors. Inc.)*, 819 F.2d 19, 22–3 (2nd Cir.1987).

The defendant concedes in his memorandum of law that the "Caveat is not a *judicial* lien" and that the filing of the "Caveat was not done pursuant to statute, either federal or state." *Defendant's Brief* at 3 (emphasis in original). She contends that the caveat creates an equitable lien on the property which is binding against the trustee.

Connecticut law, both statutory and common, provides procedures for obtaining a lien upon real property post-judgment. Conn. Gen. Stat. § 52–380a[3] contains the requirements for the filing of a judgment lien. Statutory and common law bases exist for the execution and recording of a realty mortgage. *See Dart & Bogue Co. v. Slosberg*, 202 Conn. 566, 572, 522 A.2d 763 (1987). The defendant does not refer the court to any

> bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.
>
> 11 U.S.C. § 544(a).

**3.** Conn. Gen. Stat. § 52–380a. Judgment lien on real

> (a) A judgment lien, securing the unpaid amount of any money judgment, including interest and costs, may be placed on any real property by recording, in the town clerk's office in the town where the real property lies, a judgment lien certificate, signed by the judgment creditor or his attorney or personal representative, containing: (1) A statement of the names and last-known addresses of the judgment creditor and judgment debtor, the court in which and the date on which the judgment was rendered, and the original amount of the money judgment and the amount due thereon; and (2) a description, which need not be by metes and bounds, of the real property on which a lien is to be placed, and a statement that the lien has been placed on such property.

Connecticut law recognizing the filing of a caveat executed by attorneys at law as a means to obtain a lien against realty. Whether the caveat is binding as between the debtor and the defendant is not the issue before the court. Rather, the issue is whether a document, such as the instant "Caveat", is valid under Connecticut law as an encumbrance enforceable against a lien creditor or bona fide purchaser of the realty.

Under the defendant's theory, any recorded document indicating an intent to create a lien will create a valid charge against the realty. The court does not believe such is the law in Connecticut. *Cf. Dent & Pflugner, P.A. v. Kalivas,* 8 Conn.App. 512, 516, 513 A.2d 198 (1986) (The filing of a certified copy of a judgment on the land records of a town where affected real estate is situated is not sufficient compliance with judgment lien statute and is therefore unenforceable. "[A] judgment lien is a creature of statute, [and] a lienor must comply with statutory requirements in order to perfect his claim.") (citation and quotation marks omitted). *Cf. also Hart v. Chalker,* 14 Conn. 77, 81 (1840). ("Adopt the principle contended for, and it would seem to be enough to stamp upon the deed 'this is intended as a mortgage,' to render it valid. After the repeated decisions of this court, we do not feel at liberty to adopt these principles; nor do we think them correct. It is far better that one honest creditor should have his security postponed to another perhaps equally honest, who has apparently a subsequent title, rather than that the valuable provision of our statute relative to the recording of deeds should be nullified, or its vitality impaired."). The court concludes that the document entitled "Caveat" does not represent a lien enforceable against a bankruptcy trustee under any provision of Connecticut statutes or any established standard of Connecticut common law.

## IV.

### CONCLUSION

The motion of the trustee for summary judgment is granted, and a judgment will enter declaring the caveat filed by the defendant to be an invalid encumbrance and avoiding it. It is

SO ORDERED.