[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR RECONSIDERATION (DOCKET ENTRY NO. 145)
The question presented to the court, by plaintiff's Motion for Reconsideration, is whether or not, based upon the Bankruptcy Court's decision in In re DePastino, 209 B.R. 585 (Bkrtcy. D. Conn. 1997), it should reverse its decision of January 21, 1997 CT Page 9661 regarding Motion for Determination of Priorities (docket entry number 129) [18 CONN. L. RPTR. 563].
In its January 21, 1997, decision, the court found that defendant Mary Winer had a superior interest to that of the plaintiffs, Stuart Rosenberg and William McCarthy, in a property subject to foreclosure.
In In re DePastino, supra, 209 B.R. 586, 588, the court found that a "Caveat" made pursuant to a divorce settlement, in which the husband promised to pay his wife $40,000 from the sale of land, recorded on the land records did not amount to a judgment lien, and therefore, was an invalid encumbrance. In that case, the defendant conceded "that the `Caveat is not a judicial lien' and that the filing of the `Caveat was not done pursuant to statute, either federal or state.'" (Emphasis in original.) Id., 587. The Bankruptcy Court rejected the defendant's contention that the Caveat created an equitable lien, and ruled that "the document entitled `Caveat' does not represent a lien enforceable against a bankruptcy trustee under any provision of Connecticut statutes or any established standard of Connecticut common law."Id., 588.
Unlike a Caveat, a notice of lis pendens "is a creature of statute" and may be filed by a party to an action that will in "some way, either directly or indirectly, affect the title to or an interest in the real property itself." First Constitution Bankv. Harbor Village Ltd. Partnership, 37 Conn. App. 698, 703,657 A.2d 1110, cert. denied, 235 Conn. 902, 665 A.2d 901 (1995). InIn re DePastino, the defendant did not file a notice of lis pendens; instead, she recorded a personal agreement on the land records to provide notice to subsequent encumbrancers. The plaintiffs have not cited any case law that they have found that such an agreement placed on the land records is equivalent to a notice of lis pendens. Unlike a "Caveat," a notice of lis pendens is a statutorily authorized method of providing notice of pending litigation to any potential future encumbrancer. See General Statutes § 52-325. Clearly, there exists no relationship between a "Caveat" and a statutorily authorized notice of lis pendens.
Accordingly, the Bankruptcy Court's decision in In reDePastino, supra, has no affect on the court's earlier ruling on the determination of priorities. Consequently, the court will not reverse its ruling that defendant Mary Winer's interest in the CT Page 9662 property to be foreclosed is superior to that of the plaintiffs'.
The Motion for Reconsideration is denied.
WEST, J.